Bigelow, for the tenant, was stopped by the Court; whose opin ion (absente Parsons, C. J.) was afterwards delivered by
Sedgwick, J.
In this case the demandant is entitled to recover, unless the title set up by the tenant shall be adjudged sufficient to bar his right of inheritance.
By a statute of the provincial legislature, (8 W. 3, c. 4,) it was enacted that in case of a deficiency of personal assets [ * 296 ] * to pay the debts or legacies of any deceased person, ' “ upon representation thereof, and making the same to appear unto the Superior Court of Judicature, holden for or within the same county, where such deceased last dwelt, the Court are hereby empowered to license and authorize the executor or administrator of such estate to make sale of all or any part of the houses *249 and lands of the deceased, so far as shall be necessary to satisfy the just debts, which the deceased owed at the time of his death, and legacies bequeathed in and by the last will and testament of the deceased.”
The same power was afterwards extended to the Court of Common Pleas.
By this statute, the certificate of the judge of probate, of the insufficiency of personal assets, and the necessity of sale, was not required. The court might ascertain the truth of those facts, upon any “ representation thereof,” or by any mode of “ making the same to appear.” As, therefore, the court was not restricted to any species of evidence, and as no certificate of the judge of probate was at all necessary, it seems very clear that no deficiency or irregularity in such certificate can invalidate the proceedings of the court, which might have been, and we are to presume were, founded on sufficient evidence.
The same answer may be given to the remarks, which have been made with regard to the insufficiency of the petition of the administratrix.
It will be admitted that the order of the Court of Common Pleas purported to bestow upon the administratrix sufficient authority to convey the demanded premises ; and that she complied with all the requirements of the law, in the proceedings subsequent to the order of court, and in her conveyance. The grantee purchased in reliance on the authority of a court of competent jurisdiction. To deprive him of the property he thus acquired, would, in our opinion, be to act in opposition to the most established principles, and very much endanger the security of titles, (a)
*In England, all payments to, and purchases from, an [ * 297 | administrator are considered valid, although a will is subsequently discovered and proved.
Some reliance seemed to be placed at the bar upon the circumstance that the demandant was a minor at the time of the sale, and soon after removed from the commonwealth, to which he has lately returned. To this it is sufficient to reply, that in no statute, em powering a court to authorize a sale of lands by executors or administrators, is there a saving of the rights of persons under the circumstances of the demandant. (b)

Let judgment be entered on the verdict.

а) [See note to Thomson vs. Brown, 16 Mass. 181. —Ed.]

б) [There is now an exception in the statutes in favor of minors — Ed.]