## THOMAS P. HEATH *versus* JOHN WELLS *et al.*

A license granted to an administrator to sell real estate of the deceased to pay a debt barred by the statute of limitations respecting executors and administrators, is void.

Devise of land to A for life, remainder to the demandant in fee, — the tenants enter under an invalid purchase and hold for more than six years, making improvements on the land, — A dies, and the demandant thereupon brings his writ of formedon *Held*, that the tenants were entitled to the benefit of the limitation and settlement act.

THIS was an action of *formedon in remainder*. Plea, the general issue. The tenants prayed that the increased value of the demanded premises by reason of their buildings and improvements, might be determined, and the demandant, that the jury might decide what would have been the value had no such buildings or improvements been made by the tenants.

At the trial, before *Wilde* J., the demandant produced the will of Thomas Pemberton, dated January 29, 1807, and proved July 13, 1807, devising the premises to Elizabeth Wells for life, remainder in fee to the demandant. Peter Roe Dalton was appointed executor on the 13th of July, 1807. and on the 27th he gave due notice of his appointment. He died in September 1811.

On the 24th of February, 1812, Abigail Bassett, who became of age in December 1810, presented a petition to the judge of probate, stating that Thomas Heath was appointed her guardian during her minority ; that there was a balance due to

her on his last guardianship account, of 658 dollars, which he refused and was unable to pay ; and that Pemberton the testator was one of his bondsmen, when he became guardian, viz. in 1805 ; and praying that letters of administration, with the will annexed, might be granted on Pemberton's estate. On the 30th of August, 1813, administration *de bonis non, cum testamento annexo,* was granted to William Dodd. At March term 1814 of this Court, in an action brought by the judge of probate against the administrator, upon the bond executed by the testator, judgment was rendered in favor of the plaintiff, and on the 21st of April following an execution was issued thereon, for the benefit of Abigail Bassett, for 758 dollars. At September term 1814 of the Boston Court of Common Pleas, Dodd presented a petition stating that the goods and chattels belonging to the estate of the deceased were not sufficient by 776 dollars to answer the demand exhibited against the estate, being the judgment above mentioned and interest, and praying for license to sell so much of the real estate of the deceased as should be necessary to satisfy this demand and incidental charges. This petition was supported by the usual certificate of the judge of probate. A license was accordingly granted at the same term, and in pursuance of it the demanded premises were sold and conveyed by Dodd to the tenants, by deed dated June 10, 1818, for 540 dollars.

The demandant exhibited a copy of Thomas Heath's guardianship account, filed on the 9th of December, 1811, in which he credits Abigail Bassett, his ward, with 575 dollars, received in November 1808, and interest thereon, 103 dollars, and with other sums amounting to 400 dollars, of which 354 dollars were received in February 1810. The guardian's charges against his ward run from July 1805 to December 9, 1811, and amount to 420 dollars ; leaving a balance of 658 dollars due to the ward. The tenants objected to the admission of the evidence offered by the demandant, as to the nature of the claim of Abigail Bassett on the guardianship bond.

Elizabeth Wells, the tenant for life, died on the 24th of January, 1825. The tenants claimed to have been in pos-

session of the demanded premises from June 10, 1818, (the
date of Dodd's deed to them,) until the time of the trial.
Elizabeth Wells resided on the premises from a period before
the testator's death, to June 10, 1818, and she occupied the
premises from June 10, 1818, to January 24, 1825, by the
leave or permission of the tenants. The demandant became
of age on the 20th of October, 1819.

The demandant objected, that, by the administration stat-
utes of limitations (*St.* 1788, *c.* 66, § 4, 5, and *St.* 1791,
*c.* 28), if the debt on the bond was due and payable at Pem-
berton's death, it was barred, because not sued within four
years from the time of his executor's accepting the trust ; or
if it was due within the four years and not payable until after-
wards, it should within that time have been filed in the pro-
bate office, to the end that assets might be retained to meet
it ; or if it was not due nor filed in the probate office within
that time, the remedy was against the heir or devisee, and not
against the executor or administrator.

And the demandant contended, that if he was entitled to
the land devised to him, he should take it clear of all claims
under the limitation and settlement acts, (*St.* 1807, *c.* 75, and
*St.* 1819, *c.* 144,) because the proceedings set up in defence
were merely void, and the tenant for life was in possession
under the will until the time of her death in January 1825,
within two years of which time the present action was brought.

A verdict was taken for the tenants, subject to the opinion
of the whole Court.

*Townsend*, for the demandant, to the point that the sale to
the tenants was void, cited *Wellman* v. *Lawrence*, 15 Mass.
R. 329 ; *Emerson* v. *Thompson*, 16 Mass. R. 429 ; and other
cases referred to in the opinion of the Court.

*Adan, contrà*, contended that if the administrator improper-
ly neglected to plead the statute of limitations (of 1788, *c.* 66,)
to the action of Abigail Bassett, the demandant's remedy
was an action upon the administration bond for waste. *Par-
sons* v. *Mills*, 2 Mass. R. 80. The license to sell was a
sufficient protection to the tenants. If the judge of probate
and the Court of Common Pleas were both mistaken in re-
gard to the necessity of the sale, it would not avoid the sale,

*March 21st*

because they acted within the limits of their discretionary power. *St.* 1783, *c.* 32 ; *Perkins* v. *Fairfield*, 11 Mass. R. 227 ; *Leverett* v. *Harris*, 7 Mass. R. 292 ; *Richmond, Petitioner, &c.* 2 Pick. 567 ; *Ex parte Allen*, 15 Mass. R. 58. No one would purchase of an administrator, were he obliged to inquire into the reasons of granting the license to sell.

In regard to the limitation and settlement act, he cited *Newhall* v. *Saddler*, 17 Mass. R. 350.

The opinion of the Court was drawn up by

WILDE J. Both parties claim title under one Thomas Pemberton, who it is admitted died seised of the demanded premises, having by his last will and testament devised the same to the demandant in fee, from and after the determination of the estate of one Elizabeth Wells, to whom the same was devised for life. This devise took effect, and the estate vested in possession in the demandant, on the death of the tenant for life, unless the provision in the will has been defeated by a sale made to the tenants by the administrator *de bonis non* on the estate of Pemberton ; so that the case turns on the authority of the administrator, and the regularity of his proceedings, in relation to that sale.

In July 1807, Dalton, the executor of Pemberton's will, was duly appointed to administer the estate, and thereupon gave notice of his appointment as the law directs. He lived and continued to administer the estate until September 8th, 1811, more than four years having elapsed 'from the time of his appointment and notice given ; and the demandant contends, that by virtue of *St.* 1788, *c.* 66, the lien which the creditors had on the real estate was discharged.

It is clear that if an action had been commenced against Dalton by a creditor after the expiration of four years, he not having complied with the 4th section of that act, the executor might have defended himself by pleading the statute in bar ; and he would have been bound so to plead.[1] If he had suffered judgment to be recovered against the estate of the testator, execution could not have been lawfully extended on the real estate ; for the statute was intended not so much

---

[1] See *Scott* v. *Hancock*, 13 Mass. R. 164, 165; *Richmond, Petitioner*, 2 Pick (2d ed.) 569, n. 2.

for the relief of executors and administrators, as for the bene fit of the heirs. *Brown et al.* v. *Anderson*, 13 Mass. R. 203; *Scott* v. *Hancock et al.* ibid. 162; *Ex parte Allen*, 15 Mass. R. 58.

Heath
v.
Wells.

The creditor's claim on the real estate, being thus extinguished, could not revive on the appointment of the administrator *de bonis non*. *Thompson* v. *Brown et al.* 16 Mass. R. 172. The real estate therefore was never assets in his hands, and he could have no authority to dispose of it.

144

But it has been argued that we cannot look behind the license, the court granting it having jurisdiction of the subject matter, and consequently their decision being binding and conclusive on the heirs and devisees. The cases of *Perkins* v. *Fairfield*, 11 Mass. R. 227, and of *Leverett* v. *Harris*, 7 Mass. R. 292, are relied on in support of this position. But we think those cases are distinguishable from the case at bar, which more resembles the case of *Thompson* v. *Brown et al.* before referred to.

In the case of *Leverett* v. *Harris* the sale by the adminis tratrix had been made twenty-seven years before the commencement of the action, and the question was whether aftei such a length of time, during which the vendee remained in quiet possession, evidence should be received to impeach the proceedings in the probate court, and to contradict the certificate of the judge of probate, that the personal estate was insufficient to pay the debts. This evidence was very properly rejected, for the necessary consequence of admitting such evidence would have been to open the account of the administratrix, and to reëxamine the proceedings in the probate court touching a matter of which it clearly had juris diction.

In the case of *Perkins* v. *Fairfield* the estate of the deceased had been represented insolvent, and the certificate of the judge of probate was founded on the list of claims allowed by the commissioners. One of these had been afterwards reduced by a trial at law, so that the proceeds of the real estate exceeded the amount of claims thus reduced, and the attempt was to set aside the sale as void on account of this exces. But the sale was held vali!

147

Heath
*v.*
Wells.

These cases may be supported without asserting that in all cases the license of court is conclusive. There is an evident distinction between a mistake made by a court having jurisdiction of the subject matter, and the decision of a court not having cognizance of the case. In the case of *Perkins* v. *Fairfield* the court had jurisdiction, and when the license was granted the amount of sales authorized was correct : and after the amount of claims allowed had been reduced, still the court had jurisdiction. The license was in no respect erroneous, except in the amount of sales allowed. A case therefore was made out to which the jurisdiction of the court did by law attach ; and the mistake of the court in authorizing a sale of more property than was necessary, was not to be corrected by vacating the whole sale.

But in the case under consideration, it appears that the court granting license to the administrator had no jurisdiction of the subject matter ; [1] for if the administrator had no right to sell, the estate not being assets in his hands, the court had no cognizance of the case, and the license was merely void. It was not a case for deliberation or decision. The license could give no authority to the administrator, who might as well have been licensed to sell the lands of a stranger. To make an administrator's sale valid, the right of the administrator to sell, and the license of the court, must coincide *Thompson* v. *Brown*, 16 Mass. R. 180. [2] We are therefore of the opinion, that the demandant is entitled to recover, subject however to the provisions of the limitation and settlement act, to the benefit of which the tenants are clearly entitled It is no objection to their claim, that they entered during the continuance of the estate of the tenant for life, and that the demandant's title did not accrue until within six years from the commencement of the action. The shifting of the legal title does not affect the tenant's possession, and as they have had actual possession for more than six years, they are en titled to the benefit of the statute. [3]

---

[1] See *Hall* v. *Young*, 3 Pick. (2d ed.) 80, n. 1.

[2] License to sell real estate for the payment of debts will not be granted, where the claims appear to be barred by the statute of limitations. *Nowell* v. *Nowell*, 8 Greenl. 220.

[3] See Revised Stat. *c.* 101, § 19, *et seq.*

The verdict is accordingly to be set aside, and a verdict entered for the demandant ; and by agreement of the parties, an assessor will be appointed to ascertain the increased value of the land by reason of the tenant's buildings and improvements, and also what would have been the value had no such buildings and improvements been made ; — judgment to be rendered according to the report of the assessor, and the provisions of the statute.