## REUBEN WINN *v.* STEPHEN AVERILL AND OTHERS.

### *Amendment.*

The plaintiff commenced his action on book account against several defendants, and the same was committed to an auditor, who made his report to the county court; before said report was accepted, the plaintiff moved the court for leave to strike out the name of Rufus Chase, one of the defendants, it appearing that said Chase was not in life when the services for which the plaintiff claims a re covery were contracted for and performed. The court granted the leave asked, and thereupon rendered judgment on the report for the plaintiff against the other defendants. It was held that the court, in allowing this amendment, did not exceed their power and duty.

BOOK ACCOUNT. The action was commenced before a justice of the peace and came to the county court by appeal, taken by the defendants. Judgment to account was rendered in the county court, and an auditor appointed, who made his report. At the September term of the county court, A. D. 1851,— COLLAMER, J., presiding,— the plaintiff, after the report was filed, moved for leave to strike out the name of Rufus Chase, one of the defendants, it appearing, from the report, that said Chase was not in

life, at the time when the services for which the plaintiff claims a recovery were contracted for and performed.   Leave was granted as asked for, and thereupon judgment was rendered for the plaintiff upon the report.   To the granting of said leave, and to said judgment, the defendants excepted.

*O. L. Shafter* for defendants.

1. The court had no power to allow the amendment.   *Emerson* v. *Wilson,* 11 Vt. 357.   *Bowman* v. *Stowell et al.,* 21 Vt. 309. *Claremont Bank* v. *Wood et al.,* 12 Vt. 252.   *Loomis* v. *Barrett,* 4 Vt. 450.   Acts of 1835, p. 7.

2. If the amendment was improperly made, then the judgment was erroneous on the ground of the misjoinder.   Chit. Pl. 1. 50*a.*

*J. E. Butler* and *W. H. Follett* for plaintiff.

If the writ and declaration had been issued against these same defendants, describing them as survivors of Rufus Chase, there would it seems have been no legal variance.   *Bailey* v. *Hodges et al.,* 19 Vt. 618.

Suppose all the facts detailed in the bill of exceptions had been set forth in the writ, it would be rejected as surplusage, and should be so taken.

These exceptions are in the nature of a plea in abatement, and the reasons why some things in the book account action may be taken advantage of before the auditor as nonjoinder, &c., is because it cannot be known before.   But the fact that Rufus Chase was no party and was not in existence was known, and should have been taken advantage of in abatement.   12 Metcalf 266.

The opinion of the court was delivered by

ISHAM, J.   On the coming in of the report of the auditor in this case, the county court, on application by the plaintiff, permitted the name of Rufus Chase to be struck from the record as one of the defendants, and rendered judgment on the report against the others.   We learn from the case, that Mr. Chase was one of the original petitioners, but that he deceased in 1846, and before the rendition of these services, or commencement of this action.   The right of action on his decease, survived against these defendants, as against them an action can be sustained, but not against Mr. Chase, or any one representing him.

We entertain no doubt, as to the power and duty of the court, in allowing this amendment of the record, and striking his name therefrom as one of the defendants, no more, than if such a man had never existed, or the name was entirely fictitious. In the case of *Leverett* v. *Harris*, 7 Mass. Rep. 292, and *Parsons* v. *Plaisted*, 13 Mass. Rep. 189, it was held, that a wife could not be sued with her husband, on covenants executed during coverture, and on motion her name was stricken from the record, as one of the defendants, and the case proceeded against the other defendant. In the case of *Whitluck* v. *Cook*, 15 John. Rep. 483, the question arose, under similar circumstances, and on motion, the plaintiff was permitted to enter a *nolle prosequi* as to the wife, as the plaintiff had a cause of action against the husband. See also *Rehoboth* v. *Hunt*, 1 Pick. Rep. 224, where a writ of entry was amended by striking out the name of one of the demandants. "The rule seems to be that *no new parties* can be *added* by "amendment." 2 Fairf. Rep. 127. 1 Wend. Rep. 71. "But "parties unnecessarily and improperly made such, and having no "interest in the matter may be stricken out, where the cause or "nature of the action is not affected, and no injury can accrue to "the defendant."

It will be observed that in the above cases, the amendments were allowed, where the party stricken from the record had a real existence, was duly served with process, and could on judgment being rendered have been charged on execution. And if that rule prevails in those cases, much more should this have been allowed, where the person whose name has been struck from the record had no existence, when the cause of action accrued, was never served with process and against whom no judgment could have been rendered.

Our statute of amendments, p. 223, Sec. 31, is quite as liberal as the late English act, 9 Geo. 4, generally termed Lord Tenterdan's act, and the courts, both in England and this country, manifest an increasing disposition to give to these statutes the most beneficial effect, not suffering the end of a suit to be defeated, where the record contains the substance of a valid claim. This being the only question presented in the case, the judgment must be affirmed.