## BLANCHARD v. WEBSTER.

A decree of the probate court granting license to an executor to sell real estate specifically devised, for the payment of debts of the testator, cannot be impeached in a collateral proceeding for fraud.

WRIT OF ENTRY, to recover one undivided third part of the Elkins pasture in Fremont. Facts agreed. Jacob Hook died in 1834, testate. He devised the land in controversy to Sarah C. Carter, his daughter, for life, remainder to her children, of whom the plaintiff is one. Sarah died in 1882. Enoch B. Hook, his son, was named as executor, and accepted the trust. May 5, 1838, pur-

suant to a license from the probate court, he sold the Elkins lot, with two other lots, to one Norris. October 5, 1838, Norris conveyed the three lots to Hook, who died in 1840, intestate, seized of the Elkins lot. April 28, 1841, his administrator sold the lot to the defendant, pursuant to a license from the probate court, and the defendant has been in possession of the same since that time.

*Marston & Eastman,* for the plaintiff.

*Wiggin & Fuller,* for the defendant.

SMITH, J. The land in controversy was sold more than forty years ago at an executor's sale, under the decree of a court having jurisdiction of the subject-matter. Laws 1830, *p.* 365. The presumption is, that every question necessary to the decree was adjudged, including the fact that the land belonged to the estate of the deceased and was subject to be sold for the payment of his debts, and was needed for that purpose. No appeal having been taken, the decree is conclusive on all the world, and cannot be impeached for fraud in a collateral proceeding. *Hall* v. *Woodman,* 49 N. H. 295, 304; *Gordon* v. *Gordon,* 55 N. H. 399; *Thompson* v. *Tolmie,* 2 Pet. 157, 169; *Voorhees* v. *Bank,* 10 Pet. 449, 478; *Comstock* v. *Crawford,* 3 Wall. 396, 405; *Florentine* v. *Barton,* 2 Wall. 210, 216; *Leverett* v. *Harris,* 7 Mass. 292; *Perkins* v. *Fairfield,* 11 Mass. 227. The decree of the probate court was in the nature of a judgment *in rem.* In *Grignon's Lessee* v. *Astor,* 2 How. 319, 338, it is said, that on a proceeding to sell the real estate of a deceased person for the payment of his debts there are no adversary parties; that the proceeding is *in rem;* that the administrator represents the land; that the proceeding is analogous to proceedings in the admiralty where the only question of jurisdiction is the power of the court over the subject-matter without regard to the persons who may have an interest in it; that all the world are parties; that the decree operates on the estate and not on the heirs of the intestate; that the purchaser claims, not their title, but one paramount; and that the estate passes to him by operation of law. See, also, *M'Pherson* v. *Cunliff,* 11 S. & R. 426–432.

If there was fraudulent conduct in the sale by the executor, it was a breach of his administration bond. Laws 1830, *p.* 367, *s.* 5; G. L., *c.* 201, *s.* 12. The persons defrauded were the life-tenant and remainder-men, devisees of the tract in controversy. From the decree of the probate court granting license to sell they had the right to appeal. Laws 1830, *p.* 373; G. L., *c.* 207, *s.* 1. The plaintiff was one of the remainder-men, but whether she was under the disability of coverture or infancy does not appear. If she was, it is a sufficient answer that in no statute empowering a court to authorize an administrator to sell lands is there a saving of the rights of persons under such circumstances. *Leverett* v. *Harris,* 7

Mass. 292, 297.   When in 1841, upon the death of Enoch Hook, his administrator publicly offered the land in controversy for sale under a license from the probate court, three years had nearly elapsed since the sale by Enoch as executor of his father's will. No appeal had been taken, and the time for appealing had elapsed. The defendant might well suppose, from the silence and neglect of the devisees, that they were content with the disposition that had been made of the land; and more than forty years having since elapsed without any attempt being made by the plaintiff to disturb the defendant in his possession until this suit, the attempt now made to dispossess him comes too late, even if this suit could otherwise be maintained.

A question is raised as to the materiality of the defendant's knowledge of the sources and history of Enoch Hook's title, at the time of his purchase (assuming that he had such knowledge).   It is not claimed that he was a party to any fraud practised in the procuring of the license or in the sale, and there is no ground for claiming that he was in collusion with Hook, for his purchase was not in pursuance of any understanding or agreement with him, but at a public sale under a license to his administrator.   But if Hook was guilty of fraud, and if the defendant had knowledge of it, the plaintiff's case is this : she permitted her land to be sold without giving notice of her title and without objection, and is thereby estopped from afterwards relying upon her title.   *Corbett* v. *Norcross,* 35 N. H. 99; *Richardson* v. *Chickering,* 41 N. H. 380.   As the decree of the probate court, however, cannot be attacked in this collateral proceeding, the question of the defendant's knowledge is immaterial. For the same reason, it is unnecessary to consider the competency as evidence of the judgment recovered by Mrs. Carter against Enoch Hook for the possession of the Hoyt land, and of the deposition of Sally B. Hook, taken in 1835, *in perpetuam.*

*Judgment for the defendant.*

CARPENTER, J., did not sit: the others concurred.