Hawkins, J.:
The defendant in error, Bennett, brought his suit, trespass on the case on promises, against the plaintiffs in error, Hampton Smith and Philo D. Woodruff, in the Court below. The writ was served upon Stewart & Fontaine, and Smith, and returned, not found, as to Wood-ruff. The declaration was filed against the above parties, and contained two counts against them, as owners of the steam-boat Reindeer, for the loss of certain goods, alleging that they were common carriers.
*435 On the 6th day of December, 1841, Stewart & Fontaine, and Smith, filed a joint plea of non assumpsit. Nearly two years after, the defendants pleaded, in abatement, the nonjoinder of two other persons, and at the same time pleaded the statute of limitations. To these pleas there are no replications. The plea in abatement was not sworn to; and the plea of the statute of limitations says, that the cause of action, &c., in the declaration contained, did not accrue in four years, &c. At the same Term a motion was made, that the suit abate as to Woodruff. A trial was had, and a verdictand judgment against the defendants. A motion for a new trial was made, and granted by the Court. 1 ■
At the ensuing Term leave was granted by the Court to plaintiff, to amend his writ and declaration, which was done by striking out the names of Hampton S. Smith and Philo D. Woodruff. On the same day a trial was had, and a verdict and.judgment against Stewart & Fontaine, and, at the same Term, a motion in arrest of judgment.
The first error assigned is¡ that “ The Court gave judgment against the appellant upon the trial of the issuer on the plea of non assump-sit, when .there are two pleas in said record, upon which there are no issues, and upon which there has been no trial or» action of the Court below.” One of these pleas is, in abatement; the other, a plea of the statute of limitations.
The plea in abatement was not verified by affidavit, as is requisite at common law and by the statute of the State; and it could have been treated by the plaintiff as a nullity, or he might have moved to set it aside. Moreover, it was not filed in the preliminary state of the proceedings, but' was filed after a plea in bar of the action; the latter plea waiving all matter in abatement. The plea of the statute of limitations also put in, is bad on .the face of it; for it does not come within the statute of limitations of the State, which declares that all actions of assumpsit, case, &c., shall be commenced and sued, within five years, next after the cause of action or suit accrued; and the plea in this case alleges, that the cause of action did not accrue within four years.. They are bad on their face — and will this Court reverse a/ judgment of the Court below on this account, when, even if the case were remanded thither, neither of them would avail the defendants, or place them in any better situation ? Can the, defendants suf *436 fer any detriment or injury — are any of their legal rights impaired — or are they deprived of any good defence, by this Court’s disregard of these pleas? We think not. It would have been more regular to be sure, to have disposed of them; but they being, virtually, nullities, this Court cannot take action upon them, without deeming they would be doing injustice; for it must, upon an examination of the whole record, “ decide according to the legal right, as it may upon the whole appear.,”
The second error assigned is, because the Court allowed'the plaintiff to amend the declaration and writ, immediately before the trial, and after the appellants and their co-defendant, Hampton S. Smith, had jointly pleaded, by striking out the names of said Smith and Phi-lo D. Woodruff as defendants, from the writ and declaration.
As a general rule it may be remarked, that until judgment is signed, or there is final judgment, amendments to the pleadings may be allowed to the parties upon proper and equitable terms, and the decía-ration may be amended at any time, so long as the proceedings remain in paper. Stephens on PI. 97. 1 Wilson, 7 — 149.
The doctrine of amendments, as it stands at common law, independent of the statutes of amendments and jeofail, seems based upon the discretion of the Court, and applications for amendments are in the nature of appeals to the equitable side of the Court. The doctrine, even in England where greater strictness prevails than in this country, has been carried to a great extent, and we will take a cursory glance at some of the decisions, as found in the reports of that country.
In the case of Rex vs. The Corporation of Grampend, — 7 Term R,, 699, — a question arose as to the propriety of amending the-return to a mandamus, after a mandamus was filed. Lord Kenyon remarked: “ I wish that could be attained, that Lord Hardwick in the case before him lamented could not be done, namely, ‘ that these amendments were reducible to certain rules’; but there being no such rules, each case must be left to the sound discretion of the Court. And the best principle seems to be, that on which Lord Hardwick relied in the same case, that an amendment shall or shall not be allowed to be made, as it will best tend to the furtherance of justice and further, “ that these amendments are not made under the statute of jeofails, but under the general authority of the Court.”
In Tomlinson and another vs. Blacksmith, 7 Term Reports, 128, *437 (132,) leave was granted upon the application of the plaintiff, to amend his declaration after verdict, by increasing the damages laid, according to the truth of the case as found by the jury; the former verdict at the same time being set aside, and a new trial granted to enable the defendant to make his defence to the demand so enlarged. So, we find in the case of Sayer vs. Pocock, 1 Cowper, 407, a replication was amended after verdict, by inserting the similiter, instead of, &c.; Lord Mansfield remarking, that he did not stop to enquire whether the amendment was within the statutes of jeofail, or not.
The case of Billing vs. Flight, 2 Marshal R., 6 Taunton, 419, is an instance where assumpsit was changed to debt, after six terms of the commencement of the action. In Mace qui tam vs. Lovett, 5 Burr, 2833, the declaration was amended jn an action for usury after record made up, carried down to trial and withdrawn by plaintiff. Justice Ashton says, “The Court here have-gone a great way in allowing amendments towards the attainment of justice. They have amended in cases where the limited time of bringing the action would run against the plaintiff, if he were to be put to bring a new one. . The case of Millish vs. Robinson, 9 Bing., 125—2 Term Rep., 738, can also be cited as affirming the doctrine of amendment.
The American decisions go still further than those of England, Judge McLean, in U. S. vs. Buford, 3 Peters’ U. S. Reports, says; “ This Court has repeatedly decided that the exercise of a discretion of the Court below, in refusing or granting amendments of pleading, or motions for new trials, affords no ground for writ of error.”' And this power of the Courts is sustained, and allowed to be carried to great extent in the following cases: Chirac vs. Reinicker, 11 Wheat. 280—5 Cranch, 15—Green vs. Robinson, 3 Howard’s Misspi. R., 117—10 Cow., 460 — Caldwell’s Admr’s vs. McKeo, 8 Missouri R., 334—Holloway vs. Lowe, 1 Alabama R. N. S., 246, where additional counts were added after reversal of judgment in Court above, and Palmer vs. Ledue, page 743, of the same book, where leave was granted to plaintiffs to strike out one of the defendants — 1 Cowen, 133, citing 18 John. Reports, 510—3 Cowen, 42—McClure vs. Burton, et al. 1 Carolina Law Repository, 473, case of caveat against Richard and James Bulloch — there was a variance between writ and declaration, viz.: that the defendants, Richard and James Bulloch, were named in the writ, but were not parties to the deed : leave was *438 granted plaintiff to strike out their names by virtue of the statute ot North Carolina giving Courts the power of amendments. The Supreme Court of New Jersey have also gone far in sustaining the doctrine of amendments. Van Dyke vs. Adm'rs of Catharine Van Dyke, 4 Harrison Rep., 1—ib. 5.
The case of Colcordo and another vs. Swann, 7 Mass., 292, would seem to be analagous to the case at bar. It was an action' for covenant broken, and the Court ruling that it could not be maintained against the wife, a motion was made'for leave to strike her na,me out of the writ and declaration, and to proceed against the husband alone. It was contended, that this could not be done except in actions for torts; but the Court granted the motion to strike out.
The case of Parsons vs. Plaisted and others, 13 Mass., 189, was similar to that of Colcord vs. Swanriv and the same order made striking out of the writ and declaration the name of one of the defendants, who was a feme covert. Judge Story holds the sanie doctrine in Tobin vs. Clafley and others, 3 Sumner’s R., 379. Here the writ and declaration were amended by striking,out the name of David Green, one of the defendants. Judge Story remarks in his opinion, that though the amendment, in a technical sense,, might go to the foundation of the suit, if all the defendants are not proved to have joined in the contract, yet it is plain that it does not tough the merits; and if all the defendants are not proved at the trial to have made fhe contract, a verdict must be found for the defendants. The object of the amendment was to get rid of this technical objection — that it is an application in furtherance of justice, and to suppress expensive litigation. He cites the cases from Massachusetts with approbation, and observes as to that of Parsons vs. Plaisted, that though the defendant in that suit was a feme covert, it made no difference in prin-eiple, since the only ground for striking out her name was, that-she was not legally bound by the contract, which is equally true in regard to every other person joined as a defendant in any suit, who is not a party to the contract sued on.
In Chitty’s PI. 15, note H., we find that even in cases where there has been a misjoinder of plaintiffs, “ the doctrine of amendments has been, in some instances, usefully applied to remedy or mitigate the evil, as orders have been made to strike out the name of the plaintiffs in .a late stage of the proceedings, where otherwise the statute *439 of limitations would bar a fresh action; and in Fox vs. Clifton and others, C. P., Nov., 1829, airoxder was made just before the trial, that some of the defendants’ names be struck out.” See 3 Chitty’s Gen’l Prac., 173 — 174.
The note from Chitty is not cited as the present law of the English Courts, but only to show their strong leaning in favor of their power to amend. It would be carrying the doctrine pretty far to allow the striking out the names of plaintiffs, for it is to be presumed that any plaintiff is aware of the names of those who should be co-plaintiffs ; but this presumption cannot apply to the cases of defend, ants, and especially those who may be sued as common carriers. Take, for instance, the ease at bar, where the defendants are sued as owners of a steam-boat. The slightest reflection must shew the extreme difficulty of ascertaining the true parties to be rendered liable. The names of all the owners of these boats are seldom known to the public, and if the old rule of misjoinder or nonjoinder is to be enforced, without the application of the salutary law of amendment, great injustice would arise. Even the register of the vessel, granted upon oath in accordance with the revenue regulations of the country, is not prima facie evidence of ownership. The Parliament of Great Britain seeing, no doubt, the extreme injustice done to those who sought redress from this class ofdefendants, passed a statute (1 ffm, 4,) declaring, that one or more mail contractors, die., or common carriers, may be sued, and no action shall abate for the nonjoinder. An appeal to the Legislature of our State as a remedy for a similar evil with us, would be superfluous, as long'as th.e 17th rule of our Courts declaring that “ amendments affecting the merits of a cause may be ordered at the discretion of the Court, on such terms as they may think proper to impose,” is in force, and in "which the power of granting amendments is so full and unqualified. It is not intended by these remarks to inculcate the idea, that a Judge at nisi prius, possessed that absolute and arbitrary power to overleap all or any of the old established rules of pleading, at a wild or capricious indiscretion, or set at naught the old land-marks of the law. There can be no doubt but that these technical rules of pleading were based upon principle, policy and reason, and lightly should the hand of innovation be placed upon them. But while responding to the sentiment of Lord Kenyon, “ the forms of justice always best used, when subservient to the *440 cause of justice,” we remark, that the administration of law in our country cannot but partake somewhat of the free nature of our institutions, and imbued with this spirit a liberal judicial policy will guide our Courts in the dispensation of justice.
In fine, the doctrine may be summed up thus: a power to a certain extent inherent in our Courts, and rendered more ample by statutory regulations to allow amendments in pleading for the furtherance of substantial justice, to be exercised with a liberal and enlarged discretion, but with caution and due deliberation, and upon such terms as they may see fit to prescribe.
With these views, we think the Court below, in granting the amendments, acted in accordance with the discretion vested in it, and it is not for this Court to revise this discretion thus exercised.
Much stress is laid upon the-fact that the trial took place on the same day of amendment. The record shews no motion for a continuance, and if one had been made, no doubt the Court would have granted it as one of the terms upon which plaintiff was permitted to amend his writ and declaration.
The question of entering a nolle prosequi cannot be raised in this case, where it is. one of amendment purely — they are distinct and separate in their nature. Judge Story says: “ The latter (amend, ment,) is a matter of discretion in the Court, tobe' granted or refused according to circumstances. The former (at least in some cases,) is a matter of right, if it exists at all; depends upon principles of law, and not subject to the discretion of the Court.” 3 Sumner R., 381. After a new trial, the pleadings of both parties can be amended by leave of the Court. 2 Hayward’s Reports, 162—7 T. R., 128—the judgment is not final, and till that occurs, the record is in fieri, and can be amended.-
The judgment of the Court below must be affirmed with costs.