E. O. PAINTER FERTILIZER COMPANY, a corporation of Florida, and DEKLE LUMBER COMPANY, a corporation, *Appellants*, vs. HAROLD G. FOSS, THE LIBERTY NATIONAL BANK OF ELLSWORTH, a banking corporation, and STATE STREET TRUST COMPANY, a banking corporation, *Appellees*. (3 cases).

145 So. 253.

Division B.

Opinion filed December 27, 1932.

Petition for rehearing denied January 18, 1933.

*Newcomb Barrs,* for Appellants;
*Milam, McIlvaine & Milam,* for Appellees.

DAVIS, J.—Three appeals have been consolidated for disposition at one hearing in this Court. But all three of such appeals concern the same suit and relate to the same general controversy.

The first appeal is from two interlocutory orders which denied the motion of the defendant below to quash, because of illegal service thereof, a summons in chancery, denied the defendant leave to file an amended answer proposed to be filed, and denied a motion to dismiss the complainants' bill. The second appeal is from an order denying to one Simon F. Williams, as Receiver for the defendant corporation, leave to intervene and file an answer, coupled with a motion to dismiss the bill. The third appeal is from the final decree, which adjudicated the equities in favor of

complainant and awarded a foreclosure of mortgage against the defendant. All the appeals have been argued orally and each has been fully and separately briefed.

In Hartman v. Pool, 103 Fla. 658, 139 Sou. Rep. 589, we held that where interlocutory orders in a chancery cause have been made, and thereafter appealed from under the statute permitting appeals from interlocutory orders, that a final decree subsequently entered may sometimes cure the errors complained of in the appeals taken from the interlocutory orders, in cases where the final decree is such as ought to be affirmed. We therefore consider first in this case the correctness of the final decree appealed from in order to determine whether the final decree, if correctly entered at the time, has by its rendition made any of the questions presented on the two preceding interlocutory appeals unnecessary to decide.

The suit below was brought to foreclose a mortgage covering present and future advances evidenced by an acknowledgment in the mortgage of the initial advance, coupled with a covenant relating to the future advances agreed to be made up to the amount of a $50,000.00 promissory note simultaneously executed. The bill of complaint alleged the making by E. O. Painter Fertilizer Company, of the mortgage sought to be foreclosed, which fact was admitted by the answer. It was also alleged that in connection with the giving of the mortgage, the defendant Fertilizer Company had executed its promissory note for $50,000.00, with the intention that said $50,000.00 note was to evidence the maximum sum of money that might become due and payable for future advances under the mortgage. The mortgage itself recited in its terms that it was given to secure repayment of the sum of $20,000.00 acknowledged to have been advanced to it by the mortgagee at the time of the delivery of the mortgage, together with "such further sums of money, not exceeding in the aggregate the sum of

Fifty Thousand ($50,000.00) Dollars, as the said mortgagee shall advance to or shall pay as a guarantor or as indorser for the said mortgagor, on the security of the mortgage'' with interest thereon.

The Court in its final decree ordered the mortgage to be foreclosed for the indebtedness evidenced by divers and sundry promissory notes found by the chancellor to have been executed by the *mortgagee* to evidence ''sums of money loaned, advanced and paid to said defendant by Harold G. Foss, the complainant, on the security of the mortgage'' being foreclosed. The aggregate amount of such notes described in the final decree was approximately $38,000.00. The sum of $3,900.00 was allowed as a solicitor's fee.

The defendant's original answer put in issue the amount of the indebtedness due for which foreclosure should be decreed, by denying that many of the items for which recovery was claimed in the bill under the mortgage clause for ''advances,'' were actually ''advanced'' as alleged, under such circumstances that they would come within the purview of the mortgage. The attempted amended answer was in substance the same as the original, except that the amended answer undertook to set up usury charged by complainant, through a scheme by which complainant was to have obtained, and did obtain a certain stock bonus consisting of capital stock of the debtor corporation in addition to the interest charged. The cause was disposed of at final hearing upon the basis of the issues raised by the original answer, as determined upon the proof taken after the cause was referred to a special examiner for taking and reporting the testimony.

Considering first the sufficiency of the proof to support the decree for complainant on the issues actually tried and considered on the basis of the original answer, we are required to affirm that decree on the settled authority of the rule long prevailing here, to the effect that an appellate

court cannot reverse a Chancellor's findings on the facts, unless the findings are clearly wrong, where there is some substantial evidence warranting the finding that was necessarily made in the course of rendering the ultimate decree that was actually made on the merits. Washington Loan & Trust Co. v. Hutchinson, (decided October 18, 1932, at the present term) 144 So. 343.

The necessity for our affirmance of the final decree on its merits, renders it unnecessary for us to consider any of the other propositions involved in the two preceding interlocutory appeals, except such propositions thereby presented that, had they been sustained before the final decree was entered, would have changed the issues upon which the case was decided at the time the final decree was rendered. See Hartman v. Pool, (Fla.) *supra*.

The only proposition involved in the preceding appeals which, if sustained, would have materially changed the issues heard and passed upon after the testimony had been taken and the case brought to final hearing, is the assignment of error involved on the second appeal to the effect that the court erred in refusing to permit the filing of an amended answer and motion to dismiss the bill. The new defense injected by the amended answer was that the complainant had been guilty of usury in that he had exacted and had received in addition to eight per cent. interest on the money lent, a special ''bonus'' of 200 shares of the capital stock of the E. O. Painter Fertilizer Company, the defendant corporation debtor.

Ordinarily the lower Court is accorded a wide field of discretion with respect to granting or refusing amendments to either common law or chancery pleadings. Stewart v. Bennett, 1 Fla. 437; Smith v. Westcott, 34 Fla. 430, 16 Sou. Rep. 332. And only an abuse of discretion will warrant reversal in ordinary cases. Supreme Lodge, K. of P. v. Lipscomb, 50 Fla. 406, 39 Sou. Rep. 637; Williams v.

Peninsular Grocery Co., 73 Fla. 937, 75 Sou. Rep. 517. But the right to amend is substantial and a denial of such right has been held to warrant the holding in extreme cases, that such denial amounts to an illegal departure from the essential requirements of the law. Edwards v. Knight, 104 Fla. 16, 139 Sou. Rep. 582, ninth head note.

Scarcely any right of procedure is more important to suitors or more frequently called into exercise in actual practice than that of amending their pleadings. Ellison v. Georgia R. Co., 87 Ga. 691, 13 S. E. 809. And in Florida the liberal practice of permitting all timely and proper amendments to present the real points of a cause of action or ground of defense is ratified by statute and grounded in many decisions of this Court, which have operated to reverse more cases for refusing amendments in proper cases than for allowing them, in improper cases, or in other words, have held that judicial discretion is more likely to be abused in denying a right to amend than in granting it. See Adams v. American Agr. Chemical Co., 78 Fla. 362, 82 Sou. Rep. 850; American Lead Pencil Co. v. Wolfe, 30 Fla. 360, 11 Sou. Rep. 488.

But in the present case the purpose of the amended answer was more than to amend a defensive pleading already on file. Its principal purpose was the introduction of an entirely new and separate ground of defense, equivalent in and of itself to an entirely new plea insofar as the defense of usury was concerned. The Chancellor denied the defendant the privilege of injecting into its answer the new defense of usury, so the question presented by such denial is not whether or not the Court erred in refusing permission to amend a defensive pleading already filed in due time, but whether or not the Court erred in denying defendant the right to present an additional defense by way of an amended answer containing the addition of such

defense to what had already been pleaded in the original answer.

We are not convinced that the ruling of the Court on this point constituted reversible error. This is so because the pleading rejected was wholly insufficient to present the defense of usury in the form in which it was tendered, and no effort was made to so amend it that it would have properly presented the point involved. This Court has held that where a pleading is obviously lacking, in the plain essentials of a proper defense, the Court may, though it is not required to, reject it on that ground. See South Florida R. Co. v. Weese, 32 Fla. 212, .13 Sou. Rep. 436.

Even if, under section 6585, C. G. L. (Sec. 60, Chap. 10096, Acts of 1925), the corporation defendant in this case was permitted by law to interpose the defense of usury as against a bill brought to foreclose a mortgage executed by it after the 1925 statute became effective, a plea or answer by it setting up usury as a ground of defense would be required to set up and allege the terms of the usurious contract together with an allegation of the *quantum* of usurious interest actually taken or promised under the alleged usurious agreement. Webb on Usury, #401; 27 R. C. L. 267; 39 Cyc. 1053; Taylor v. Morris, 22 N. J. Eq. 606; Farly National Bank v. Henderson, 118 Ala. 441, 24 Sou. Rep. 428.

In this case the tendered amended answer completely failed to allege the true cash value of the stock claimed to have been exacted from the defendant pursuant to the usurious demand, and for aught that appears to the contrary, the stock in question while of the par value of $5,000.00 may have been of very much less actual value, or even worthless. This Court judicially knows that the par value of stock is very often in excess of its actual cash or market, value and in cases where the value of stock becomes material to a cause of action or defense

stated in a pleading, the actual value should be definitely alleged as an essential element of the pleading. This is especially true as to a defense of usury predicated upon the exaction of stock in lieu of money, to make out the charge of excessive interest demand. See Morrison v. McKinnon, 12 Fla. 552.

What has just been said applies both to the proposed amended answer tendered by the defendant corporation and to the proposed amended answer tendered by the Receiver. Because of the obvious insufficiency of both amended answers, as tendered, insofar as the additional ground of defense of usury is concerned, we cannot say that in denying appellants permission to have such answers filed after the defects in them had been pointed out and were thereafter ignored by the defendant tendering the defective pleadings, amounted to such an abuse of discretion by the Chancellor as will constitute reversible error under the circumstances.

Other propositions not herein specifically referred to have been argued on behalf of appellants. But in line with the trend of modern thought that discourages the needless multiplication of long and involved opinions of reviewing Courts, where only fact questions, or questions involving no new questions of controverted application of otherwise long settled rules of law are involved, we refrain from a detailed discussion of such subordinate propositions, and simply state that a careful consideration of each of the assignments of error has convinced us that none of them can be sustained on this record.

Affirmed.

WHITFIELD, P.J. AND TERRELL, J., concur.

BUFORD, C.J. AND ELLIS, J., concur in the opinion and judgment.