W. J. HARRELL, *et al.,* v. W. T. MARTIN, *et al.*

161 So. 389.

Division B.

Opinion Filed May 7, 1935.

276

*Cone & Chapman,* for Appellants;

*A. P. Rivers,* for Appellees.

Ellis, P. J.—This is an appeal from an order refusing to allow the appellants who were complainants below, to file an amended bill of complaint.

In December, 1933, W. J. Harrell and O. T. Harrell exhibited their bill of complaint in the Circuit Court for Columbia County against W. T. Martin and his wife and W. W. Davis, as sheriff of the county, in which complainants sought an injunction to restrain Martin from proceeding with an action in which he sought damages against O. T. Harrell for trespass upon certain lands owned by Martin. The trespass consisted in entering upon the premises and cutting and scarring the trees for the production of turpentine. Also an injunction to restrain Davis, as sheriff, from dispossessing Harrell of the lands on which he holds a turpentine lease; the sheriff holding a writ of restitution of possession of the lands in favor of Martin issued in an action by him against W. J. Harrell in unlawful detainer proceedings, also for the specific performance by Martin of an alleged verbal contract with W. J. Harrell to sell the lands in question and that both Martin and his wife be required to execute the necesary deed of conveyance to W. J. Harrell; and a prayer that the court ascertain the expense which W. J. Harrell incurred in making improve-

ments upon the land; also for an accounting between the parties touching the cost of alleged improvements.

The bill rested upon a transaction alleged to have transpired between Martin, the owner of the land, and W. J. Harrell, in which Martin agreed that if Harrell would pay the amount due for taxes on the land Martin would convey the land to W. J. Harrell, reserving only a few acres surrounding the building occupied by the owner Martin as his home, in which Martin should hold a life estate only; that Harrell purchased the outstanding tax certificates and Martin placed Harrell in possession and he has remained in possession continuously since the agreement.

The bill alleges that some days after the alleged agreement, W. J. Harrell made and executed to O. T. Harrell a lease of all the pine timber on the land which embraces one hundred and sixty acres for turpentine purposes. That alleged lease constitutes O. T. Harrell's claim to equitable consideration. It is alleged that the lease was not executed until August, 1932, although O. T. Harrell went into possession of the property in December, 1931.

W. J. Harrell, it is alleged, plowed ground and burned accumulated trash on the land in the winter of 1931 and spring of 1932, and cultivated and gathered crops during the year and built a dwelling house and other houses on the place at a cost of several hundred dollars, all of which was done, so it is alleged, with the knowledge and consent of Martin. It appears that Martin repudiated the alleged claim of the Harrells early in the year 1933, refused to execute a deed to Harrell, and began an action in the Circuit Court against W. J. Harrell for damages for trespass upon the lands; that in November, 1933, Martin obtained against W. J. Harrell, in an action of unlawful detainer, a writ of restitution .of the possession of the land to the owner, and

the writ is in the hands of the sheriff. The bill also alleges that Martin paid to the Clerk of the Circuit Court the money necessary to redeem the tax certificates held by W. J. Harrell and the money was paid over to Harrell and accepted by him.

A motion to dismiss the bill was interposed by the Martins and the sheriff. No order seems to have been made on the motion, however, and on the 23rd day of December, 1933, the court entered a temporary restraining order as prayed for in the bill against the Martins and the sheriff.

In January, 1934, Martin and his wife answered. It appears that Martin is an old man in feeble health; that W. J. Harrell purchased the tax sales certificates for two hundred and forty dollars; that Martin made no such agreement as alleged, nor did he ever consent to Harrell going upon the land and making the alleged improvements; that the alleged improvements did not exceed seventy dollars in value; that W. J. Harrell began a suit to foreclose the tax certificates whereupon Martin brought an action against Harrell in unlawful detainer and secured a judgment and was restored to possession, but Harrell again went upon the lands and was again ejected therefrom by Martin in a second action in unlawful detainer; that the number of acres which Harrell attempted to obtain by his unlawful acts was only eight. In the suit to foreclose the tax certificates Martin answered and claimed a setoff of four hundred and fourteen dollars for the timber and crude turpentine of which Harrell had despoiled the land, whereupon Harrell abandoned the foreclosure proceedings and Martin paid the amount due thereon, five hundred and seventy-six dollars.

In March, 1934, the complainants filed an application for permission to file an amended bill of complaint, which ap-

plication was denied and from that order an appeal was taken.

The bill of complaint, standing upon its own allegations, contains no equity and the proposed amended bill contains nothing of substance which might have cured the defects of the original bill.

The alleged contract for the sale of the land was a verbal one. No description of the property is shown to have been contained in the agreement. The bill describes the lands but it does not allege that the oral agreement described them, nor the part that Harrell was to take, nor any description of that portion nor the number of acres which Martin was to retain for life. Mrs. Martin, who lived with her husband upon the land, does not appear to have had any part whatsoever in the alleged agreement. The land appeared to be the homestead of the Martins and no pretence was made to observe the requirements of the statute concerning an agreement to sell such property. The bill shows on its face that the consideration which W. J. Harrell was to pay he failed to pay.

According to the allegations of the bill he was to pay the taxes on the land, whereupon Martin and wife were, in consideration for that, to execute to Harrell a conveyance of the lands and retain a small area thereof to themselves for life as a home. Instead of doing that, he purchased the tax certificates and brought a suit against the Martins to foreclose the lien and obtain a deed to the entire tract.

The bill discloses as inequitable a cause as one would observe in a long course of reading upon the subject of equitable remedies.

The brief in behalf of appellants does not comply with the rules of this Court relating to the preparation of briefs but as the case has been allowed to proceed to final hearing

without objection by opposing counsel we have decided to determine the appeal upon the merits as presented by the record. To that end we have set forth herein the substance of the allegations of the bill and the averments of the answer.

The discretion of the Chancellor in not allowing the proposed amended bill to be filed was not abused. Griffin v. Societe Anonyme La Floridienne, 53 Fla. 801, 44 South. Rep. 342; E. O. Painter Fertilizer Co. v. Foss, 107 Fla. 464, 145 South. Rep. 253; Hart v. Pierce, 98 Fla. 1087, 125 South. Rep. 243; Carroll v. Gore, 106 Fla. 582, 143 South. Rep. 633.

The complainants had no right as of course to file an amended bill or to amend the bill because answer had been filed to the original bill when the complainants sought to amend. See Sec. 29, Chap. 14658, Laws 1931, Chancery Act. The amendment was not permissible under the provisions of the above named Act because the cause had been at issue under the rule more than a month before application was made to allow the amendment. See Sec. 39, Chancery Act, *supra*.

Neither the original nor the proposed amended bill, however, contained any ground for the relief sought by the complainants.

So the order is affirmed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and DAVIS, J., concur in the opinion and judgment.

BROWN, J., concurs in the conclusion.