122 So.2d 230 (1960)
B.M. and R.L. TUCKER, Individually and D/B/a Tucker's Heavy Equipment Service, a Co-Partnership, Appellants,
v.
Andrew DAUGHERTY, Appellee.
No. 1457.
District Court of Appeal of Florida. Second District.
July 13, 1960.
Rehearing Denied August 4, 1960.
Harrison D. Griffin of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellants.
Ray M. Watson, South Miami, for appellee.
STEPHENSON, GUNTER, Associate Judge.
Andrew Daugherty sued B.M. and R.L. Tucker, doing business as Tucker's Heavy Equipment Service, a co-partnership, for injuries he sustained while employed by Sample Rock Company and while attempting *231 to move a rock crushing machine, which defendants had sold to plaintiff's employer. He recovered and defendants appeal.
Count One in substance alleges that plaintiff, an employee of Sample Rock Company, was an operator of a bulldozer type of machine known as a towing or front-end loading machine; that the defendants had sold or were attempting to sell and demonstrate to Sample Rock Company a heavy equipment machine known as a rock crusher and that defendants were in the sole exclusive and complete control of said equipment; that the plaintiff in compliance with orders of defendant B.M. Tucker, backed his towing machine so as to be attached to and coupled with the rock crusher machine; and that in accordance with further orders of the said Tucker the plaintiff drove his towing vehicle forward for the purpose of moving said rock crushing machine to a new location. Then, it was alleged, as he attempted to do so the front wheels of the machine became detached causing the machine to fall, injuring the plaintiff. The plaintiff charged that the defendants had undertaken to reattach and reinstall the front wheels on said machine; that said defendants failed to properly, firmly, and securely fasten, attach, and lock said front wheels in place, and instead carelessly left said wheels loose and unsafe; and that as a direct and proximate result of the negligent and careless act of the defendant B.M. Tucker the plaintiff was injured.
Count Two of the amended complaint alleged that the machine was so defectively and negligently manufactured and/or assembled that when plaintiff drove forward at the direction of B.M. Tucker the front wheels became detached, and that the dangerous condition of the machine should have been known to the defendants.
The testimony in support of said counts is that the rock crushing machine, which weighed forty thousand pounds, was sold by appellants to Sample Rock Company F.O.B., Leesburg, Florida, where the said machine was manufactured on order of Sample Rock Company. Prior to the crusher being transported from Leesburg to Pompano where Sample Rock Company operates a rock pit, the front wheels of the rock crushing machine were removed to facilitate its transportation. The machine was transported by Watt Smith Trucking Company.
The machine was delivered to Sample Rock Company about 5:00 p.m. on April 9, 1957. Shortly after its arrival B.M. Tucker along with Leon Martin, his mechanic, Everett Casper, general manager of Sample Rock Company, a Mr. Stone, foreman for Sample Rock Company, and others replaced the front wheels of the rock crushing machine. To quote Mr. Casper:
"Well, probably we had five or six there, it might could have been done with less, but a lot of men will take hold and help push it under.'
There is no testimony that B.M. Tucker or his employee made any representation to any person that the machine had been properly reassembled or that the front wheels were properly in place. The machine was then left on the property of Sample Rock Company over night, and the next morning the machine was to be moved across the road into a rock pit to be put into operation.
Around 7:00 o'clock on the following morning, which was the day of the accident, B.M. Tucker along with a number of other individuals, was standing by the crusher and as plaintiff started backing his bulldozer towards the crusher Mr. Tucker gave hand signals to the plaintiff as he was backing said vehicle and also hand signals where to stop plaintiff's bulldozer. The crusher was then hooked onto the bulldozer operated by plaintiff, and as plaintiff started to drive his bulldozer forward the front wheels fell out from under the crusher, injuring plaintiff.
At the close of plaintiff's testimony the defendants moved the Court for a directed *232 verdict. Defendants contended that there was a complete failure of proof that the defendant was in the control, care, and custody of the machinery and that on the contrary the same was in the care, custody, and control of Sample Rock Company; that there was a complete failure to show that the front wheels were not locked in place on the evening before the accident and that there was a further failure to show that the defendant Tucker made any representation as to said front wheels or to show that Tucker was under any duty to the plaintiff as alleged. Further defendants contended there was a complete failure to show any defects in the machinery or equipment as alleged in Count Two.
The trial court granted the motion directed to Count Two by striking it; however, the trial judge in denying defendants' motion for directed verdict stated:
"The Court finds that there is sufficient evidence in the record under the theory at least of the volunteer or Good Samaritan cases as exemplified by the Watson case in 163 Southern, and it should go to the Jury on that theory. Now, whether or not, as suggested by Mr. O'Bryan, the pleadings permit it, the evidence is in and under Rule 1.15 the Court would consider or rather entertain a motion to amend the pleadings to conform to the evidence, if that be the case."
After strenuous objection of the attorney for the defendants, the Court allowed and granted plaintiff's motion to amend the pleadings to conform to the evidence. In this we think the trial court erred. It has been held in a negligence case that where the plaintiffs were not proceeding on the acts of negligence alleged in the complaint and the defendants could not discern this until the conclusion of the plaintiffs' case, it could not be said that the defendants had expressly or impliedly consented to a different ground for the action being proven. Edwards v. Young, Fla.App. 1958, 107 So.2d 244. In this case as in the Edwards case, supra, there was no way that the defendants could tell until the conclusion of all of the plaintiff's evidence that the plaintiff was not proceeding on the basis of the acts of negligence alleged in the complaint.
Up to the point of resting the plaintiff's evidence was substantially consistent with the theory of the counts in the complaint, but when he rested without proof of the negligence alleged in the complaint, the defendant promptly objected by motion for directed verdict. We think the defendants objected at their first opportunity. Amendments under Rule 1.15(b), Florida Rules of Civil Procedure, 30 F.S.A. of course, can be made at any time, but they must not prejudice the opposing parties.
Judgment is reversed and a new trial awarded.
Reversed.
ALLEN, C.J., and KANNER, J., concur.