PEARSON, TILLMAN, Chief Judge.
John Slack, the minor plaintiff, went with his older brother, Steve, to the Castaways Motel [owned and operated by the defendant] to go swimming. During the course of the day, plaintiff was injured when he stepped back from the side of the pool and fell into the hole left uncovered when the doors leading down to the pump room were open. Neither boy was a guest at the motel nor did either pay any money for the privilege of using the pool. By arrangement with the manager of the motel pool, Steve received the privilege of the use of the pool for himself and guests in return for his participation in water shows put on by the pool manager. John, the plaintiff, had been to the pool some five or six times prior to the accident and his presence had been cleared with the pool manager. John had also been used in one water show to demonstrate the value of swimming instructions which were sold by the pool manager.
The issues of negligence and contributory negligence were framed and tried by the jury. The plaintiff received a substantial award. This appeal is by the defendant from the judgment based upon the jury’s verdict. Having considered each point raised by the appellant, we affirm.
The first point raised urges that the defendant was entitled to a summary judgment because when the motion was heard the complaint alleged that the minor plaintiff was a licensee. The answer admitted plaintiff’s status, and the exhibits on file showed that the condition causing plaintiff’s injury was open and obvious. We decline to reverse the trial judge for his refusal to grant a summary judgment because genuine issues of material fact existed upon the record at the time the motion was heard. Even though plaintiff had described his status as licensee, upon motion for summary judgment the issues are made by the pleadings, the depositions and admissions on file. Where the facts show an issue not framed in the pleadings, the trial judge will not be reversed for failing to grant a summary judgment, even though his failure to enter a directed verdict might be error if the same situation existed at the close of plaintiff’s case.
Appellant’s second point is directed to claimed error of the court in a ruling at the close of plaintiff’s case which allowed plaintiff to amend his complaint. The complaint, as amended before trial, alleged that at the time of his injury the minor plaintiff was a licensee upon the premises of the defendant. This conclusion of law was admitted by the answer. Immediately *287 prior to the date set for trial, the plaintiff served and filed the following pleading entitled “Amendment to Amended Complaint” :
“Plaintiffs, JOHN SLACK, a minor, by his mother and next friend, ESTELLE SLACK and ESTELLE SLACK, individually, by their undersigned attorneys, move the Court to allow the Amended Complaint to be further amended by adding the following:
“5. That on the 19th day of July, 1959, at approximately 4:00 P.M., plaintiff, JOHN SLACK, was a licensee or invitee upon the premises of the defendant.”
The pleading appears, from its plain language, to have been a motion for leave to amend the complaint under Rule 1.15(a), Florida Rules of Civil Procedure, 30 F.S.A.
Defendant promptly filed a “Motion to Strike Amendment to Amended Complaint”. The subject was argued before the judge just prior to the voir dire examination of the jury. The trial judge in effect granted plaintiff's motion by allowing him to go to trial and prove either that he was a licensee or an invitee. Rule 1.8(g), Florida Rules of Civil Procedure, 30 F.S.A., permits alternative pleadings and the factual situation of this case is a classic example of the purpose of the rule. However, the question remains as to whether the amendment establishing an alternative statement in the complaint was error because of the time at which it was allowed.
The appellant urges that it was prejudiced in its defense in that all of the depositions were taken and all of its trial preparation was made in reliance upon the allegation in the originally amended complaint that the plaintiff was a licensee at the time of his injury. While it is a general proposition that cases should be tried upon the issues made by the pleadings, the rule is not without its exceptions.[1] The law of our State favors liberality in amendments to pleadings, and amendments can be made under the rules at any time, as long as they do not prejudice the opposing party. In re Grist’s Estate, Fla.1955, 83 So.2d 860, 56 A.L.R.2d 623; Tucker v. Daugherty, Fla.App.1960, 122 So.2d 230.
Thus, in all fairness it can be said that a litigant has no right to rely upon the pleadings to the extent of believing that certain known facts will not be presented. It is only when new facts are developed under a new theory of the case that surprise can be pleaded.
Looking at the completed record, we can see that the amendment allowed was not a change of the factual basis of the complaint, but a change of claimed rights dependent upon the facts already developed. This is not to say that amendments claiming a new legal position will always be allowed immediately prior to trial. In many circumstances such a change might require new discovery and different witnesses. When this is shown to be likely, the trial judge will ordinarily grant a delay of the trial if the amendment is allowed.
This brings us to the question of prejudice. Inasmuch as the defendant did not ask for a delay of the trial in order to conduct additional discovery or to contact witnesses, we must presume [and from the record it appears] that the defendant was not prejudiced. This conclusion is supported by the fact that the appellant has not demonstrated a single instance in which the evidence as to the plaintiff’s legal status on defendant’s premises could have been more fully developed.
The trial judge is vested with a wide discretion upon procedural matters, and this is equally true upon requests to *288 allow amendments to pleadings. E. O. Painter Fertilizer Co. v. Foss, 107 Fla. 464, 145 So. 253. In order to reverse because ■of a claimed incorrect ruling upon a procedural matter, it is necessary for the appellant to demonstrate (1) that the ruling was erroneous upon the state of the record at that time; (2) his timely objection to the ruling; and (3) prejudice from the ruling. It seems to us that the appellant has failed to demonstrate prejudice. The ruling was therefore not reversible error.
Appellant’s third point urges error upon the trial judge’s determination that the evidence conclusively showed that the plaintiff was an invitee upon defendant’s premises at the time of the accident. This ruling is inherent in the court’s refusal of defendant’s requested charges based upon the theory that the evidence revealed that the plaintiff was a licensee. A party is entitled to have a jury instructed with reference to his theory of the case if the instructions are proper and deal with issues developed by the evidence. Williams v. Sauls, 151 Fla. 270, 9 So.2d 369; Luster v. Moore, Fla.1955, 78 So.2d 87.
The evidence in the instant case, viewed in the light most favorable to defendant’s contention that the plaintiff was a licensee, fails to provide a basis for such a finding by the jury. It is urged that because the evidence showed that at the time the minor plaintiff was injured he was ■engaging in activities solely for his own pleasure, he was a licensee. But appellant ■overlooks the fact that the legal status of plaintiff at the time of his injury had previously been established when he and his brother were asked to participate in water shows for the benefit of the motel, in return for which they were allowed to use the pool facilities. The injury occurred while •enjoying the pool pursuant to this contract. Under the continuing contract with the motel, plaintiff’s legal status did not change because he was not performing in a water show at the time of injury. We hold that the trial judge correctly found that the evidence presented no issue on this fact and defendant’s requested instructions based on a theory having no support in the evidence were properly denied.
We have examined appellant’s fourth, fifth and sixth points, which also deal with the refusal of requested charges, and we hold that no reversible error has been made to appear.
Affirmed.

. But see Justice According to Law, 48 A.B.A.J. 544-545 (June, 1962) for comment on the dangers of liberalizing the rules.