SHANNON, Judge.
This is an appeal by the defendant-appellant from an adverse final judgment in a personal injury action brought by the plaintiff-appellee.
The plaintiff below was a passenger in the automobile which defendant was driving at the time of the accident, and her complaint alleged a passenger-for-hire status and charged simple negligence in the operation of the motor vehicle. Defendant denied liability; denied that the plaintiff was a passenger-for-hire; and plead contributory negligence. The case came on foi trial, and, at the conclusion of all of the evidence, the court announced that it would direct a verdict for the defendant, since the court found, as a matter of lav/, that the plaintiff was not a passenger-for-hire, and hence, was subject to the provisions of the Florida Guest Statute. At that time, counsel for the plaintiff made a motion to amend the pleadings to plead gross negligence, and thereby comply wtih the Guest Statute. The court granted this motion, but offered the defendant a continuance of trial. The defendant did not request a continuance, and the case was given to the jury after appropriate instructions on the question of gross negligence. The jury brought in a verdict in favor of the plaintiff.
In this appeal the defendant seeks reversal of the judgment by maintaining: 1] that the announcement by the court of the direction of verdict on the issue of guest-passenger status constituted an adjudication on the merits, and the court was without authority to grant an amendment of pleadings so as to allow the plaintiff to assert a new and different cause of action; and 2] that the jury selected and impaneled to try one cause of action could not make determinations on a new and entirety different cause of action. The first question involves the construction of Rule 1.15 of the Florida Rules of Civil Procedure, 30 F.S.A., which reads, in Sub-Section (b), as follows:
“Amendments to Conform with the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment or decree; but failure so to amend shall not affect the result of the trial of these issues. * * * ”
And again, in Sub-Section (e), it is provided :
“Amendments Generally. The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceedings, must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.”
It is noted that while the court stated that it intended to enter a directed verdict for the defendant, it had not done so at the time that it allowed the amendment. Hence, the court could have, and should have, allowed the amendment as requested by the plaintiff. No new testimony needed to be taken, and the only problem that the court had was to instruct the jury in accordance with the amendment. At that point the court offered the defendant a continuance if it were deemed necessary, but the court’s offer of continuance was waived. That the court had authority to proceed as it did is amply shown in 25 Fla. Jur., Pleadings, Sec. Ill, where it is stated:
“It is ordinarily within the sound discretion of the trial court to permit an *884 amendment to conform to the proof where evidence has been introduced without objection as to facts not presented, or insufficiently presented, by the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made on motion of any party at any time. * * * ”
In Atlantic Coast Line Railroad Company v. Bracewell, Fla.App.1959, 110 So.2d 482, the plaintiff instituted suit against the railroad and the engineer-operator of its train to recover for personal injuries. The complaint charged solely that the liability of the railroad and the engineer was predicated upon the failure of the engineer to have the train under control appropriate to the circumstances. The interesting part of this case is that the jury found the engineer free of liability, but returned a verdict against the railroad. The plaintiff sought and was granted permission to amend the pleadings to conform with the evidence that had been received, and to broadly allege that the negligence of the railroad was based upon the acts of “its servants and employees.” The appellate court affirmed the action of the trial court upon the basis of the power of amendment granted under Rule 1.15, Fla. R.C.P. A similar case is Hart Properties, Inc. v. Slack, Fla.App.1962, 145 So.2d 285, which was cited by the trial court in its final judgment. In the Slack case a minor plaintiff instituted suit against the defendant as owner and operator of a certain swimming pool. Insofar as the relationship existing between the minor plaintiff and the defendant was concerned, the complaint alleged that at the time of the injury in question the minor plaintiff was a licensee upon the premises. Just prior to the voir dire examination of the jury, the plaintiff offered an amendment to his complaint so as to allege that plaintiff was a licensee or invitee upon the premises of defendant — the underlined portion being an addition by amendment. The principal question on appeal was whether or not the ruling of the lower court allowing the amendment was error because of the time at which it was allowed. Judge Pearson, affirming for the Third District, stated, in part:
“This brings us to the question of prejudice. Inasmuch as the defendant did not ask for a delay of the trial in order to conduct additional discovery or to contact witnesses, we must presume (and from the record it appears) that the defendant was not prejudiced. This conclusion is supported by the fact that the appellant has not demonstrated a single instance in which the evidence as to the plaintiff’s legal status on defendant’s premises could have been more fully developed.”
In the case of Atlantic Coast Line R. Company v. Edenfield, Fla.1950, 45 So.2d 204, trial had already begun when the plaintiff was allowed to amend the complaint so as to make the same allege that the defendant had negligently and carelessly failed to furnish the decedent a safe place to work, rather than the original allegation of negligence in the operation of the train. Defendant objected to the amendment, and further requested a continuance because of surprise and prejudice. The trial court granted the plaintiff’s amendment but denied the defendant a continuance, and the Supreme Court, in affirming the action of the trial court, stated, in part:
“The gist of appellant’s contention is that the amended declaration stated a new and different cause of action and that defendant was taken by surprise. The test to determine whether or not an amended declaration states a new or different cause of action is whether or not the same evidence will support the judgment rendered as to the original or the amended declaration. The trial court answered this question in the affirmative and it is not shown that he abused his discretion in so doing.”
In the instant case the defendant did not take advantage of the court’s offer of a continuance upon amendment, and neither *885 ■did the amendment create any new or distinct phases of evidence. In other words, the evidence that went to the jury was the same. Under these circumstances, neither ■of the two questions raised by the appellant would warrant a new trial. The trial court ■cites the cases of Hart Properties, Inc. v. Slack, supra, and Williamson Candy Co. v. Lewis, Fla.App.1962, 144 So.2d 522, which we find are germane. Based upon these and the foregoing authorities, then, we affirm the trial court.
Affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.