166 So.2d 217 (1964)
Jean DUNN, Petitioner,
v.
Elmer P. CAMPBELL, Jr., Respondent.
No. 4976.
District Court of Appeal of Florida. Second District.
July 1, 1964.
Rehearing Denied July 23, 1964.
John A. Lloyd, Jr., of Masterson, Lloyd & Rogers, St. Petersburg, for petitioner.
Joseph W. Bradham, Jr., of Ramseur, Bradham & Skipper, St. Petersburg, for respondent.
WHITE, Judge.
This is before us on petition for writ of certiorari directed to an interlocutory order of the trial court denying plaintiff's motion to amend her complaint in an action at law. The motion, seeking to add three additional counts to the original complaint, was filed only four days before the scheduled pre-trial conference and hearing on defendant's motion for summary judgment. The question is whether or not the trial court acted contrary to the dictates of justice and the essential requirements of law. Edwards v. Knight, 1932, 104 Fla. 16, 139 So. 582, 143 So. 441.
Plaintiff's decedent expired following a sterilization operation which was performed in the respondent-medical doctor's office. The surgery consisted of the removal of a portion of the spermatic cord. Internal bleeding in the scrotum and consequent hematoma and infection resulted in the patient's death. The surviving spouse filed a wrongful death action charging the defendant with malpractice under a single count of negligence. The defendant answered, denying the alleged general and specific acts of negligence and asserting several affirmative defenses including assumption of risk.
Interrogatories and defendant's deposition revealed that the deceased voluntarily submitted to office surgery after being informed of the degree of danger involved. The plaintiff and the deceased husband each *218 signed the requisite consent form prior to the operation. The defendant stated on interrogatories that the deceased was given the choice of hospital or office surgery for an identical surgical fee, but "He [the patient] stated that he was unable to provide the additional $200.00 for hospitalization, and requested an appointment for office surgery." The defendant stated that he explained to the deceased that one of the advantages of hospital surgery was the control of bleeding.
Plaintiff subsequently produced a deposition designed to show that it would be unlikely that $200.00 hospital charges would be incurred. Thereupon the plaintiff moved for leave to amend her complaint and tendered three new counts. The proposed additional counts purported to raise issues of assault and battery, res ipsa loquitur, and mis-information as to hospital charges. The order denying the motion for leave to amend is the subject of this petition.
Plaintiff asserts that the law favors liberal allowance of amendments to pleadings citing Rule 1.15(e), R.C.P. 30 F.S.A.[1]; Hart Properties, Inc. v. Slack, Fla.App. 1962, 145 So.2d 285, reversed on another point, Fla. 1963, 159 So.2d 236; Raggs v. Gouse, Fla.App. 1963, 156 So.2d 882; Lee v. Soverign Camp. W.O.W., 1934, 113 Fla. 472, 152 So. 17. In the case of E.O. Painter Fertilizer Company v. Foss, 1932, 107 Fla. 464, 469, 145 So. 253, 255, the Supreme Court said inter alia:
"* * * the right to amend is substantial, and a denial of such right has been held to warrant the holding, in extreme cases, that such denial amounts to an illegal departure from the essential requirements of the law. * * *
"* * * judicial discretion is more likely to be abused in denying a right to amend than in granting it. * * *"
Defendant on the other hand argues that the minute and indefinite facts presented by plaintiff to the trial court concerning the conjectural cost of hospitalization are not sufficient to create an abuse of discretion to warrant issuance of the common law writ sought. Conceding that the courts favor liberal amendments, the defendant submits that the right must not be abused. In short, the "liberality" gradually diminishes as the trial progresses. See 25 Fla.Jur. Pleadings § 102. Warfield v. Drawdy, Fla. 1949, 41 So.2d 877.
The Warfield case, supra, states:
"While we are committed to the propositions that liberality will be indulged in the amendment of pleadings, Watkins v. Watkins, 123 Fla. 267, 166 So. 577, and a broad discretion will be accorded the trial judges in that respect, Mills Rock Company v. Mills, 137 Fla. 607, 188 So. 210, such amendments are not allowable if they `would change the issue, or introduce new issues, or materially vary the grounds of relief * * *,' Griffin v. Societe Anonyme la Floridienne J. Buttgenbach & Co., 53 Fla. 801, 44 So. 342, 351.
"* * * In Griffin v. Societe Anonyme la Floridienne J. Buttgenbach & Co., supra, it was said that if the issues were changed or new ones introduced or the grounds of relief materially varied, the matter could not be introduced in an amendment. We referred to that part of this opinion in McCullough v. McCullough, 156 Fla. 321, 23 So.2d 139, 140, and further quoted from the opinion: `"We have discovered no case which authorizes such an amendment inconsistent with the allegations of the original bill."' We there drew attention to holdings of other courts that the liberality to be indulged gradually diminishes as the trial progresses.

*219 "When we consider all these rules involving liberality, discretion, issues, and the circumstances in this particular controversy we cannot discover a just reason to disturb the finding of the chancellor."
Defendant submits that the trial judge's discretion was not abused and in support thereof asserts; (1) that the granting of the motion at this particular point of the litigation would be highly prejudicial to the defendant; (2) that the granting of the motion would unduly delay the action and would adversely affect the defendant from a financial and procedural point of view; (3) that counsel for petitioner was not diligent in attempting to file the amendment; (4) that the amendment creates new causes of action requiring a different character of evidence than those required under the complaint; (5) that the granting of the motion would cause the litigation to be unnecessarily lengthy and expensive to the respondent; and (6) that the motions serve no purpose other than to delay defendant's motion for summary judgment. Defendant further shows that the court entered its ruling after considering the record of 31 pleadings, 6 detailed court orders, 27 notices, and 23 depositions totaling 800 pages plus the fact that plaintiff waited until only four days prior to pre-trial conference to file the motion for leave to amend.
Generally negligence need not be specifically pleaded, and plaintiff might well present the issue of whether or not the defendant negligently dispensed information concerning hospital charges under the complaint as originally pleaded. The matter of countering defendant's plea of assumption of a known risk would also be properly before the trial court. Accordingly we cannot say that the lower court's order constituted deviation from the essential requirements of law.
The test as to whether or not an amended complaint states a new and different cause of action is whether or not the same evidence will support the judgment rendered as to the original complaint. See Atlantic Coast Line R. Co. v. Edenfield, Fla. 1950, 45 So.2d 204. The trial court's answer to this question does not appear to have been an abuse of discretion.
Petition for writ of certiorari denied.
ALLEN, Acting C.J., and ANDREWS, J., concur.
NOTES
[1] "The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceedings, must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties."