ANDERSON, ALLEN, C., Associate Judge.
The Appellant appeals from a final decree entered in her favor by the Chancellor. Her deceased husband was insured under an Employee’s Group Life Insurance Policy issued by one of the Appellees: The Travelers Insurance Company.
The policy provided five different classes with differing amounts of death benefits for each class. Each employee’s class under the policy and the amount due his beneficiary at death was governed by his particular occupation or job category.
After the death of her husband the Appellant was tendered an amount based on job category Class V. She refused, contending her husband’s occupation brought him under Class III which paid substantially higher benefits. Issue was joined and the matter was submitted to the Chancellor who was required to determine the one factual issue. Under which class of coverage was the insurance carrier liable, or restated, what was the decedent’s job category?
Based upon the evidence the Chancellor determined the Appellant’s deceased husband was an assistant foreman and consequently covered under Class IV. The record reflects competent substantial evidence to support that determination. An appellate court will not substitute its judgment for that of the Chancellor when such evidence, even though conflicting, was presented. Painter Fertilizer Co. v. Foss, 107 Fla. 464, 145 So. 253; Board of County Comrs. v. F. A. Sebring Realty Co., 63 So.2d 256.
Affirmed.
SHANNON, Acting C. J., and SMITH, J., concur.