WIGGINTON, Acting Chief Judge.
Appellants have appealed a final decree dismissing with prejudice their complaint on the ground that it fails to state a cause of action. Appellants contend that their complaint contains sufficient allegations of ultimate fact to entitle them to the injunction sought or, in the alternative, they should have been permitted at least one chance to amend their complaint and the chancellor erred in denying this right when he dismissed the complaint with prejudice.
Appellants are the holders of beverage licenses entitling them to sell intoxicating beverages in county commissioners’ district number 1 of Volusia County. On March 4, 1965, appellee members of the Board of County Commissioners adopted a resolution regulating the hours of sale of alcoholic beverages in the several county commissioners’ districts of the county pursuant to the provisions of Section 562.14, Florida Statutes, F.S.A.[1] The resolution recites that the areas of the county lying within commissioner districts numbers 2, 3, and 4 contain the main tourist centers consisting of hotels, beach cabanas, motels, apartment houses, race tracks, and other tourist attractions. The resolution further recites that the other areas of the county comprising commissioner districts 1 and 5 are chiefly agricultural and contain citrus, industrial, and other businesses with permanent residents. By this resolution, holders of beverage licenses in commissioner district 1 are prohibited from selling intoxicating beverages between 2:00 p.m. on Sunday and 2:00 a.m. on the following Monday, while holders of such licenses in commissioner districts 2, 3, and 4 are permitted to sell intoxicating beverages on Sunday between the hours during which such sales are prohibited in commissioner district 1.
By their complaint appellants attempt to allege that the recitals of fact, contained in the resolution adopted by appellees which forms the basis of classification with reference to the hours of sale in district 1 as. distinguished from those in districts 2,. 3, and 4 are untrue. Appellants attempt to-allege generally that there is no reasonable basis for classifying the holders of beverage licenses in district 1 any differently from those in districts 2 3, and 4-insofar as such classification relates to-the hours of sale. The complaint concludes-with the general allegation that the action of appellees in the adoption of the resolution under assault is arbitrary and discriminatory with respect to holders of beverage licenses in district 1. The complaint concludes with a prayer for an injunction: restraining enforcement of the resolution.
In Makos v. Prince,[2] the Supreme Court defined the standard by which a. board of county commissioners was required to act in the adoption of resolutions-regulating the hours of sale of intoxicating-beverages in the several counties of the state. In construing the statutory authority of boards of county commissioners to-act in matters of this kind, the court said:
“In spite of the conclusion that the quoted provision of the statute is broad' enough to empower a county in the regulation of the liquor traffic to establish-separate zones in a county and not to-require that regulations of hours be uniform through out the county as a whole, the law is plain that where the county may lawfully adopt such a method of regulation the power may not be exercised in an arbitrary or discriminatory *313 manner but must be grounded upon some reasonable basis of classification with reference to the subject sought to be regulated.”
The complaint filed by appellants in this ■case contains more general conclusions than it does allegations of ultimate fact. Sufficient ultimate facts are alleged, how■ever, which indicate a possibility that the legal insufficiencies of the complaint may "be cured by amendment. It is provided by our rules of procedure, and is the policy of the law, that amendments to pleadings be liberally allowed in the interest of justice so that the merits of the case may he reached for adjudication whenever possible to do so.[3]
The complaint filed in this case is so lacking in allegations of ultimate fact to state a cause of action that we cannot hold the chancellor in error for having granted the motion to dismiss. The in-sufficiencies of the complaint appear to be such that they may be cured by proper amendment, and it is our view that appellants should be afforded an opportunity to do so. The final decree dismissing the cause with prejudice is reversed and the case remanded for further proceedings consistent with the views expressed herein.
Reversed.
JOHNSON and SACK, JJ., concur.

. MS. § 562.14(4), F.S.A.
“The board of county commissioners of any county of the state may, by resolution, independently regulate the hours of sale of alcoholic beverages within the territory of such county not included within any municipality notwithstanding the provisions of this section. It shall be the duty of the sheriff, deputy sheriff and police officers of such county, and •not the duty of the state beverage department to enforce the hours of sale as regulated by such resolution.”

. Makos v. Prince, (Fla.1953) 64 So.2d 670, 673.

. Rule 1.15, F.R.C.P., 30 IP.S.A.—
“(a) Amendments. A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may amend it at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. * * *
* * *
“(e) Amendments Generally. The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. * * * >•