208 So.2d 669 (1968)
TRIAX, INC., a Florida Corporation, Appellant,
v.
CITY OF TREASURE ISLAND, a Municipal Corporation Duly Organized under the Statutes of the State of Florida, Appellee.
No. 67-26.
District Court of Appeal of Florida. Second District.
April 5, 1968.
William E. Allison, of Allison & Kubes, St. Petersburg, for appellant.
Robert W. Holman, of Hammond & Holman, Pinellas Park, for appellee.
HOBSON, Judge.
Appellant brings this interlocutory appeal from an order denying its motion for leave to amend its complaint.
Appellant's complaint relied for recovery upon the breach of an alleged oral contract. The trial court, sitting without a jury, entered final judgment in favor of appellee on the grounds that such contract was the result of an ultra vires act and that it ran afoul of the Statute of Frauds. Seven days later appellant filed its motion to amend, so as to conform with evidence adduced at the trial which tended to support a cause of action in general assumpsit on the theory of quantum meruit. The trial court denied the motion, finding that the issue raised thereby had not been tried with the express or implied consent of the parties and that the motion, *670 in order to avoid prejudice to appellee, should have been filed prior to the entry of final judgment. This appeal followed.
A trial court is authorized to permit amendments to conform with the evidence at any time. Fla.R.Civ.P. 1.15(b) (1966) (now Rule 1.190(b), 30 F.S.A.). However, its decision in such regard is a matter of broad discretion and will not be disturbed on appeal unless abuse of such discretion is demonstrated. McSwiggan v. Edson, Fla. 1966, 186 So.2d 13, 15; Houston Texas Gas & Oil Corp. v. Hoeffner, Fla. App. 1961, 132 So.2d 38, 40. The question on appeal from an order denying a motion to amend is whether the trial court acted contrary to the dictates of justice and the essential requirements of law. Dunn v. Campbell, Fla.App. 1964, 166 So.2d 217.
Rule 1.15(b) requires that the issues which are sought to be encompassed by an amendment to conform with the evidence must have been tried with the express or implied consent of the parties. The evidence adduced by appellant at the trial below was wholly consistent with the breach of contract theory stated in its complaint and was objected to by appellee on the ground of the Statute of Frauds. There was nothing in the record from which it could be inferred that the quantum meruit issue was tried by the express or implied consent of the parties, and the trial court was correct in so concluding. Cf. Neveils v. Thagard, Fla.App. 1962, 145 So.2d 495, 497-498; Tucker v. Daugherty, Fla.App. 1960, 122 So.2d 230, 232, cert. denied mem., Fla. 1960, 125 So.2d 878. Furthermore, while our courts are generally liberal in permitting the amendment of a pleading, this liberality gradually diminishes as the case progresses. United States v. State, Fla.App. 1965, 179 So.2d 890, 893. Under the circumstances at bar, the trial court's denial of appellant's motion to amend was not an abuse of its discretion, but was in complete compliance with the dictates of justice and the essential requirements of law. Cf. Dunn v. Campbell, supra; Houston Texas Gas & Oil Corp. v. Hoeffner, supra; Tucker v. Daugherty, supra.
The order denying appellant's motion to amend is accordingly affirmed.
Affirmed.
LILES, C.J., and PIERCE, J., concur.