PER CURIAM.
We are called upon by this appeal to review the propriety of a trial court permitting an ore tenus amendment to plaintiffs’ complaint at the conclusion of all their evidence. The original complaint (as amended) sounded in tort and alleged gross negligence by the operator of a motor vehicle, resulting in injury to a passenger. At the conclusion of all the evidence, the trial court indicated it would grant the defendants’ motion for directed verdict because the injured party was in fact a guest passenger and because of the failure of the plaintiffs to establish gross negligence. Thereupon, the trial court permitted an ore tenus motion reducing the plea of gross negligence in the complaint to that of simple negligence. At no time did the complaint or its amendments indicate that the injured party was a guest passenger. The matter was submitted to the jury as to the status of the passenger and the issue as to simple negligence. A verdict was returned in favor of the plaintiffs, and this appeal ensued. The sole point preserved for review was the propriety of the trial court permitting the ore tenus amendment. We affirm.
The granting of the amendment did not change the cause of action; did not put in issue something that was not already there, to wit: the status of the injured party as a passenger. And, under Rule 1.190(b), Rules of Civil Procedure, 30 F.S.A., and its liberal interpretations [Atlantic Coast Line R. Co. v. Edenfield, Fla.1950, 45 So.2d 204; Richards v. West, Fla.App.1959, 110 So.2d 698; Hart Properties, Inc. v. Slack, Fla.App.1962, 145 So.2d 285, quashed on other grounds Fla., 159 So.2d 236; Conk-lin v. Smith, Fla.App.1966, 191 So.2d 311; Compare Trans World Marine Corporation v. Threlkeld, Fla.App.1967, 201 So.2d 614], the appellants have failed to demonstrate that the trial court committed error to the prejudice of their case.
Therefore, for the reasons above stated, the verdict and final judgment thereon be and the same are hereby affirmed.
Affirmed.