Alice Waldin Scheuer, *et vir*, v. Charles Balik, *et ux*.

177 So. 731.

Opinion Filed November 18, 1937.

Rehearing Denied January 8, 1938.

*John J. Lindsey,* for Appellants;

*John B. Cozatt* and *S. P. Robineau,* for Appellees.

Per Curiam.—The appeal is from a final decree dismissing bill of complaint to foreclose a mortgage. The order was as follows:

"The above styled and entitled cause comes on before this Court to be heard upon the plaintiff's answer, the defendants' answer, counterclaim and the plaintiffs' reply thereto, together with the master's report and exceptions thereto, and argument of counsel for the respective parties having first been had, and the Court being fully advised in the premises, it is thereupon

"Ordered, Adjudged and Decreed that the equities in this cause are with the defendants, Charles Balik and Barbora Balik, his wife;

"It Is Further Ordered that the defendants take nothing by their counterclaim, but that said bill of complaint stand dismissed at the cost of the plaintiffs, to be hereafter entered by an appropriate order, and it is further

"ORDERED, ADJUDGED AND DECREED that that certain mortgage herein sought to be foreclosed is void, same being that certain mortgage recorded in Mortgage Book 899 on page 85 thereof of the Public Records of Dade County, Florida, encumbering the following described property:

"The West Half (W½) of the East Half (E½) of Southeast Quarter (SE¼) of Southeast Quarter (SE¼) of Section Thirty-two (32) Township Fifty-three (53) South of Range Forty-one (41) East.

"DONE AND ORDERED in Chambers, at Miami, Florida, this 26th day of January, A. D. 1937."

It appears from this Order that the Chancellor did not assume to determine just what facts were established by the evidence under the pleadings. The record shows that the appellees, who were defendants in the court below, purchased a tract of land from appellants, who were the plaintiffs in the court below, for a total purchase price of $3,000.00; that they paid $500.00 cash and agreed to pay the balance in installments and that a deed was placed in escrow. They were not able to pay the balance of $2,-500.00. Thereupon the debtors negotiated with the Federal Land Bank of Columbia for a loan to pay off the indebtedness under the provisions of Federal Emergency Farm Mortgage Act of 1933; that on the 29th day of March, 1934, the creditors and the debtor made application to the Federal Land Bank of Columbia for itself and/or as agent of the Land Bank Commissioner as follows:

"Legal Department.

"Statement of Indebtedness and Agreement of Creditor.

"Loan No. F-2026.

"Applicant's Name, Charles Balik.

"To the Federal Land Bank of Columbia, for Itself and/or as Agent of the Land Bank Commissioner and to the Applicant for a Loan Therefrom to Pay the Indebtedness Herein Described.

"The undersigned, the owner and holder of that certain deed, dated........................., 19........, note—mortgage—loan deed—trust deed—open account, etc., executed by................. to................., covering an indebtedness in the original principal sum of $3,000.00, bearing interest at the rate of 8% per annum and on which the present unpaid balance, including principal, interest and advances, is $2,500.00, hereby agrees to accept the sum of $900.00, in cash or in bonds of the Federal Farm Mortgage Corporation, in full settlement of the said indebtedness. It is agreed that any amounts paid in bonds of the Federal Farm Mortgage Corporation will be in bonds of the last issue preceding the date of disbursement of the loan proceeds.

"Exhibit 1.

"Upon receipt of a Disbursement Order, signed in duplicate by the Disbursing Officer of The Federal Land Bank of Columbia providing for the delivery to the undersigned of a draft on said Bank and/or bonds of the Federal Farm Mortgage Corporation (the amount of such drafts plus the face value of such bonds and accrued coupon interest thereon will equal the amount of the agreed settlement) the undersigned will designate on the original of the Disbursement Order the denominations of the bonds desired and the

name of the bank or trust company to which they are to be shipped for delivery, and will also assign to The Federal Land Bank of Columbia, without recourse, the instruments evidencing and securing the indebtedness above described: The original Disbursement Order and the assigned instruments will be immediately forwarded by the undersigned to such person as The Federal Land Bank of Columbia may designate. The undersigned will retain the duplicate of the Disbursement Order in evidence of the right to receive the draft and bonds described therein and with the understanding that if same are not delivered within a reasonable time, The Federal Land Bank of Columbia will reassign and return the instruments above mentioned.

"This the 29th day of March, 1934.

"Address:
"1330 Bayshore Dr.,
"Miami, Fla.

"ALICE WALDIN SCHEUER,
"ALBERT SCHEUER,
"Creditor.

"APPROVAL BY APPLICANT.

"The above statement of indebtedness is correct and I consent to the provisions hereof.

"CHARLES BALIK,
"Applicant.

"JDA FILE N. A. N.

"Filed in evidence as Defts.
"Exhibit No. 4. This 2/27, 1936.
"H. H. EYLES,
"S-231 (Rev. 3/22/34); FFMC-101.          MASTER."

And on the 26th day of February, 1934, the creditors and the debtor entered into the following agreement, under seal, with the Federal Land Bank of Columbia and the Land Commissioner as follows:

"Form S-231.
"Rev. 10/10/33.

"STATEMENT OF INDEBTEDNESS AND AGREEMENT OF CRED-
ITOR.

"*In re:* Loan of Charles Balik.

"Bank's File No.

"Commissioner's File No. F-2026.

"TO THE FEDERAL LAND BANK OF COLUMBIA FOR ITSELF AND AS AGENT OF LAND BANK COMMISSIONER AND THE APPLICANT FOR A LOAN (OR LOANS) TO PAY OFF THE INDEBTEDNESS HEREINAFTER DESCRIBED.

"(1) The undersigned, the owner and holder of that certain Deed................dated........................19.......executed (open account, note, mortgage, security deed, trust deed, etc.)
by ------------------------------ to ------------------------------: hereby agrees, upon payment. of the amount indicated in column four below, out of the proceeds of the loan (or loans) for which application has been made to The Federal Land Bank of Columbia and/or the Land Bank Commissioner, to execute a proper satisfaction and surrender of the above described instrument so that the instrument may be duly cancelled of record; or at the option of said bank or the Commissioner, to transfer or assign said instrument, without recourse to The Federal Land Bank of Columbia, its successors and assigns, or the Land Bank Commissioner. The undersigned further agree, upon payment of the amount shown below, that no subsequent liens or other con-

sideration or obligation will be received either directly or indirectly by him or his agent.

"The following table shows the original amount of the debt secured by the above described instrument, the present balance (including principal, interest and advances) and the amount which the undersigned will accept in full settlement of the indebtedness, to-wit:

| (1) Original amount of debt $3,000.00 | (2) Interest rate 8% |
|---|---|
| (3) Present Balance due including Principal, Interest and Advances $2,500.00 | (4) Amount which will be accepted in full settlement $900.00 |

"Executed at Miami, this 26th day of February, A. D. 1934, under the seal of the undersigned.

"This creditor is the owner in fee simple of this property, the deed therefor being held by Robt. L. Shipp in escrow to be delivered to borrower on closing loan and paying over $900.00 above stated.

"ALICE WALDIN SCHEUER (Seal),
"ALBERT SCHEUER (Seal),
"Creditor.

"The above information is correct and I agree to the provisions hereof.

"CHARLES BALIK (Seal).
"-------------------------------------- (SEAL).
"Applicant for loan.

"(Time Stamp).

"3 o'clock.

"Received Mar. 21, 1934.

"Exam. Division,

"Legal Dept."

On that agreement appeared the following instructions:

"READ THE FOLLOWING INSTRUCTIONS BEFORE FILLING OUT THIS FORM:

"1. A separate statement on this form must be executed by each creditor whose debt, secured or unsecured, is to be paid from the proceeds of the loan (or loans) which may be made by The Federal Land Bank of Columbia and/or the Land Bank Commissioner.

"2. If the creditor is willing to accept an amount less than the amount due, the amount which he will accept in full settlement should be set forth in column 4 above.

"3. In many instances, a separate check will be drawn to cover each item of indebtedness to be paid from the proceeds of the loan (or loans). For this reason, it is essential that the information shown hereon be correct. The loan (or loans) may not be closed until the applicant for a loan from the bank and/or commissioner has obtained and sent to the bank a statement from each of its creditors, both secured and unsecured, showing the information required by this form.

"4. TAXES: It is intended that this form shall be used to furnish information concerning taxes or special assessments. The principal amount of the taxes should be shown in column 1; the interest rate in column 2; the principal, interest, penalties and costs in column 3; and the amount the taxing authorities will accept in full settlement should be shown in column 4."

The answer of the defendants, by amendment (to parpg. 4), contained the following:

"These defendants admit making said Mortgage and Notes except that said Mortgage and Notes, when signed by them, were without date and were made several weeks prior to May 4th, 1934, as alleged in Bill of Complaint, and did not bear date of May 4th, 1934, nor was said Mortgage acknowledged on May 4th, 1934. Said Mortgage was executed to secure indebtedness described therein in the event the federal loan applied for from the Land Bank Commissioners, as described in paragraph 2, of this answer, was declined and in the event that said loan was approved and the said cash and bonds as described in said Paragraph 2, of this answer, was paid to the said plaintiffs, said mortgage and notes were to be returned to the said defendants herein, for cancellation.

"Amended paragraph 10.

"Further amending said Answer and counterclaim to read as follows:

"Come now the defendants, CHARLES BALIK and BARBORA BALIK, his wife, and pray of this Honorable Court for affirmative relief hereinafter described for the following reasons, to-wit:

"That the loan described in this answer, was duly approved by the Land Bank Commissioner and bonds and cash as described in this answer and in the agreements marked Exhibits ONE and TWO, which are made a part of this answer and Counterclaim was paid to the said Plaintiffs on or about May 1st, 1934, in the following manner: $800.00 in said Bonds and $1.95 in accrued interest and check in the sum of $98.05.

"Prior to the receipt of said approval of said loan, these defendants paid to the said Plaintiffs $300.00 and on or about May 1st, 1934, said defendants paid to said Plaintiffs $100.00, the said amounts aggregating $400.00, these defendants claim against said Plaintiffs.

. "(These defendants are advised and verily believe that the said Plaintiffs have not collected $400.00 represented by assignment of lease described in paragraph 6 of this answer and should not be charged therewith.)

"Therefore, these defendants, Charles Balik and Barbora Balik, his wife, pray that the said Plaintiffs, Alice Waldin Scheuer and Albert Scheuer be required to satisfy of record, Mortgage sought, in this cause to be foreclosed, and to return the same, together with notes described therein, to the defendants herein, for cancellation and that the said defendants herein have judgment against the said Plaintiffs in the sum of $400.00, together with their costs in this behalf."

There was substantial evidence to sustain the allegations of the amended answer above set forth. It appears to us that neither the questions stated by the appellants nor those stated by the appellee are necessarily involved in the disposition of this appeal. As we construe the decree, taken in connection with the record, the Chancellor determined that the complainants were not entitled to relief in equity and that the Chancery Court, being a court of conscience, would not enforce the lien claimed under the mortgage sought to be foreclosed in the face of the instrument delivered by the mortgagees to the Federal Lank Bank of Columbia for the purpose of procuring the loan from that bank and procuring liquidation of the obligation for the payment of the balance of the purchase price of the lands involved and that he applied the rule that, he who comes into a court of equity for relief must come with clean hands.

No reversible error has been made to appear. Therefore, the decree should be and is affirmed.

So ordered.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.

ELLIS, C. J., agrees to conclusion in last two paragraphs of opinion.

BROWN, J., not participating.