MILLS ROCK COMPANY v. MARY IDELLA MILLS, a widow, individually and as Executrix of the Estate of R. H. Mills, deceased.

188 So. 210.

Division B.

Opinion Filed April 25, 1939.

Rehearing Denied May 9, 1939.

*H. H. Eyles,* for Appellant;

*Paul C. Taylor,* for Appellee.

CHAPMAN, J.—The parties to this suit will be referred to in this opinion as they appeared in the court below as plaintiff and defendant. On February 23, 1937, plaintiff filed in the Circuit Court of Dade County, Florida, her bill of complaint praying for a rescission of an agreement and lease, an injunction, and account ng and other relief. It was made to appear thereby that the plaintiff entered into an agreement and lease which provided for the excavation and removal of rock from three rock pits situ ited in Dade County. The agreed purchase price for the rock, as set out in the agreement and lease, in the first and second pits was the sum of 5c per cubic yard for first class rock and 2½c per cubic yard for second class rock; while the rock excavated from the third pit was 10c per cubic yard for first class rock and 5c per cubic yard for second class rock. The rock pits were located on lands of plaintiff appropriately described. The agreement or lease sought to be cancelled was to be in force for a period of five years after April 1, 1936, and it likewise contained an option on the part of lessee to extend the agreement and lease for an additional five year period. Certain personal property was described in the agreement and lease and the compensation for the use thereof was to be the sum of $100.00 per month.

It was alleged in the bill that the agreement and the lease, *supra,* was obtained by deceit and through false and fraudulent representations on the part of the Secretary and Treasurer of the defendant corporation and that the true market value of the rock controlled by the agreement and lease was between 10c and 15c per cubic yard and that the plaintiff being an illiterate woman, sixty years of age, inexperienced in business transactions, was induced to sign the agreement and lease by the terms of which she was to

receive from 2½c to 10c per cubic yard, due to the mis-representations of the officials of the defendant and others.

The record shows that after the issues were tendered and testimony thereon taken by the parties and a final hearing had before the Special Master by counsel for the respective parties, counsel for plaintiff below applied to the Court for authority to file an amended bill. The proposed amended bill followed the allegations of the original bill as to the relation of the parties, but there was a substantial departure in the allegations of false representation as a basis for the resciss.on of the lease, in that the amended bill sought a rescission of the agreement and lease upon the allegation that plaintiff was fraudulently induced to sign the agreement and lease, without first reading it, and upon the further fraudulent representation that the agreement for lease by the plaintiff provided in terms for the payment of 10c per cubic yard for all rock mined and removed from plaintiff's pits, and that the plaintiff, relying upon the false representations, signed the agreement and lease, which she later learned provided compensation considerable less than the amount so fraudulently represented, and all of which was done to her injury. The amended bill of complaint contains a prayer for substantially the same relief as the original bill of complaint.

The lower court by an order allowed the filing of the amended bill of complaint, and after an answer had been filed thereto made and entered an order again referring the issues so tendered to a Special Master for the purpose of taking test.mony. The record shows that considerable additional testimony was offered by the parties after the filing of the amended bill and answer thereto, and on final hearing the lower court made and entered a final decree denying the prayer of the bill of complaint orig.nally filed and likewise the prayer of the amended bill of complaint

seeking a rescission, cancellation and reformation of the agreement and lease, but from all the testimony offered by the respective parties found that the defendant had not faithfully accounted for all sums of money and was indebted to the plaintiff for 23,253 cubic yards of soil and fill and 526½ cubic yards of boulders removed from the plaintiff's lands as described in the agreement and lease and for which she was entitled to recover of and from the defendant the additional sum of $2,882.49.

The defendant below perfected an appeal to this Court and has assigned the final decree above referred to as error, while the plaintiff below, by cross assignments of error has called into question the terms of the final decree denying prayer of the amended bill of complaint for a rescission, reformation and cancellation of the agreement and lease.

It is argued here that the lower court erred in permitting or allowing the plaintiff to file an amended bill after considerable evidence had been taken and argument of counsel for the respective parties had before the Master and again referring the case to the Special Master with additional directions to take testimony. Authorities cited to sustain the contention of counsel for defendant are, viz.: Griffin v. Societe Anonyme la Floridienne, etc., 53 Fla. 801, 44 So. 342; Guggenheimer & Co. v. Davidson, 62 Fla. 801, 56 So. 801; Barry v. Willard, 117 Fla. 236, 157 So. 669; Watkins v. Watkins, 123 Fla. 267, 166 So. 577; Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 So. 560; Merchants & Bankers Guaranty Co. v. Downs, 128 Fla. 767, 175 So. 704; Scheuer v. Balik, 130 Fla. 255, 177 So. 731.

The settled rule is that a wide discretion is allowed trial courts in permitting amendments to pleadings and where no settled rule of law or procedure is plainly violated, or

a sound jud.cial discretion abused, the actions of the court in permitting amendments will not be disturbed. If an amended bill of complaint is in effect the institution of a new and mater.ally different suit alleging a different cause of action and is so palpably inconsistent with or repugnant to the original pleading that it is patent no decree can properly be entered on the amended bill, a motion to strike. the amended bill is the correct remedy. See Guggenheimer & Co. v. Davidson, *supra.*

We have examined the or.ginal bill and the amended bill, being the basis of this assignment, and conclude that the amended bill does not violate the rule above expressed, but that the record shows that the chancellor below was faithful in his efforts to do justice between the parties. The pla:ntiff was an ignorant woman whose time had been spent in raising eight children; she had never been accustomed to handling business matters; her sons and his associates, she thought, had imposed upon her in getting her signature to an agreement fixing the price of crushed rock, and she sincerely believed that a w.de margin existed in the price discussed and that expressed in the lease. She had many conferences with counsel but failed to disclose material facts about her case to counsel until about the time the case was to be heard on final hearing.

When counsel learned from his client additional material facts he made an appl.cation to file an amended bill. While the filing of the amended bill tendered another issue, we do not think it repugnant or inconsistent with the original bill, neither does the amended bill state a new cause of action. We hold that this ass gnment is without merit.

Counsel for appellant contends that the measure of damages for the 526½ cubic yards of boulders and for the 22,253 cubic yards of overburden as applied by the lower

court was error. We have examined the evidence as disclosed by the record and the authorities cited in the briefs but do not think the findings of the chancellor should be reversed.

Counsel for appellee contend on cross assignments in this Court that the lower court erred in the final decree denying the plaintiff's right of rescission and cancellation of the agreement and lease. The facts and law are forcefully presented by counsel to show that the plaintiff, an elderly and inexperienced woman, was the victim of undue influence, fraud and a conspiracy to obtain· a lease on the rock and at a price below the market value and to the financial advantage of the defendant corporation and its officers. We are inclined to the same view after a study of the testimony and the authorities cited, but we are not sure that the record here would justify us in so holding. There is a presumption in law and in equity in favor of the correctness of the rulings of the trial court. See Johns v. Bowden, 72 Fla. 530, 73 So. 603; Randall v. Twitchell, 98 Fla. 559, 124 So. 21. The burden of showing error as contained in this assignment is on the appellee. See Stover v. Stovall, 103 Fla. 284, 137 So. 349.

We do not feel justified in disturbing the conclusions of the Chancellor below as expressed by the terms of the final decree. We have observed the comments of counsel as to the weight that should be g.ven by this Court as to the finding and conclusions of the Master appointed to take the testimony and the approval or confirmation thereof on final hearing on the part of the Chancellor. The conclusions of the Master in the case at bar have been considered anl the reports of Hon. T. J. Dowdell when acting as Master in other cases have been reviewed and considered by this Court and his recommendations there n have

been upheld. The Chancellor below held the report of the Master as being worthy of highest respect, and we concur in this view.

In the case of Holland v. Evans, 113 Fla. 839, 152 So. 623, this Court said:

"Where the evidence is conflicting the findings of the chancellor will not be disturbed unless such finding is clearly shown to be erroneous, is a mere corollary to the rule .announced above, because the chancellor must consider the evidence, weigh its probative value and determine from the spoken words of the witnesses and such documents as are offered in evidence the truth of the given proposition under consideration by him. If the finding which he makes from the conflicting statements of witnesses is to be disturbed it must be because the evidence considered in its entirety is clearly irreconcilable with the conclusion reached by him."

We find no error in the record. The decree appealed from is hereby affirmed. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

BUFORD, J., concurs in opinion and judgment.

Justices TERRELL and THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.