## SPECTOR, et ux v. AHRENHOLZ, et al.

Circuit Court, Dade County.
October 24, 1957.

O'Connor, Gordon, Breuel & Lee, Miami for plaintiffs.

Thomas A. Horkan, Jr., Miami, for defendants.

STANLEY MILLEDGE, Circuit Judge.

The plaintiffs conveyed certain land to the defendant, alleged in the complaint to have been as security for the repayment of a loan. The plaintiffs seek an accounting to determine the amount of the indebtedness and, upon its payment by the plaintiffs, the reconveyance of the land.

In his deposition Mr. Spector said that the property was conveyed in order to afford Spector "protection" against a personal judgment against him by William Overton, and that the deed was not given to protect Ahrenholz or anyone else. Pages 51-53. On page 82 plaintiff's counsel asked the plaintiff the following questions and received the following answers—

Aside from the liability to Mr. Overton on the suit for judgment he had obtained against you, were you fearful of any other personal liabil-

ities being held against you that Mr. Ahrenholz was going to protect you against? — Government.

Government for what? — For the withholding tax. I was given to understand by Ahrenholz that I would be the one who would be responsible.

Did you ever have any conversation with Mr. Kelly of the bureau of internal revenue? — No.

Just Mr. Ahrenholz? — Just Mr. Ahrenholz.

Do you recall any conversation between you and Mr. Ahrenholz or Mr. Martin and/or myself that your possible liability for that would be . . . — Limited to . . .

That you would have a possible liability for withholding tax? In other words, I told you about that? — You told me that, too. Being president I would be the first one liable.

Again on page 85 of the deposition appears the following question and answer of Mr. Spector—

You say that this deed, this last deed that was signed in blank by you, do I understand you to say that that was given to protect you against liability to Mr. Overton and against liability to the government? — That's right.

On page 31 of the deposition of the defendant appears a question of plaintiff's counsel trying to get the defendant to admit that the purpose of the deed was to "secure" the plaintiffs against the Overton judgment and the federal tax liability. Mrs. Spector, on pages 23 and 24 of her deposition, says that she signed the deed as protection against Overton's judgment and the government's tax lien. She says that she signed the deed so that the government and Overton couldn't get the assets.

According to their own statements the plaintiffs come into equity with unclean hands. "One who, for the purpose of defrauding creditors, has executed a deed without consideration may not maintain suit to have the conveyance canceled or to compel a reconveyance by the grantee." 19 Am. Jur. 326. To like effect is 30 C.J.S. 484. The purpose of the doctrine is not to reward the defendant but, as Pomeroy says—"The door of a court of equity is always shut against such a claimant." While not factually like the present case, two Florida cases illustrate the unclean hands doctrine, Hauer v. Thum, 67 So. 2d 643, and Scheuer v. Balik, 177 So. 731.

It is ordered, adjudged and decreed that the defendants' motion for summary judgment be granted and the complaint is dismissed, with prejudice, with costs taxed against the plaintiffs.