179 So.2d 890 (1965)
UNITED STATES of America, Appellant,
v.
STATE of Florida and County of Dade, Appellees.
No. 65-147.
District Court of Appeal of Florida. Third District.
November 9, 1965.
*891 William A. Meadows, Jr., U.S. Atty., and James O. Murphy, Jr., Edward A. Kaufman and Edward I. Heilbronner, Asst. U.S. Attys., for appellant.
Richard E. Gerstein, State Atty., and Roy S. Wood, Asst. State Atty., Thomas C. Britton, County Atty., and Gerald T. Wetherington, Asst. County Atty., for appellees.
Before HENDRY, C.J., and BARKDULL and SWANN, JJ.
SWANN, Judge.
United States of America, intervening plaintiff below, appeals an order and final *892 judgment of forfeiture entered in the Circuit Court of Dade County, in which the court denied the claim of the United States to certain funds seized in connection with illegal gambling. The facts essentially are as follows.
On October 19, 1961 deputies of the Sheriff of Dade County made a gambling raid, with a search warrant, on the residence of Isabell Thompson, who was then arrested and charged with the possession of lottery tickets and operating a gambling house. The raiding officers found $26,648.74 located in a room which Howard Pinder allegedly maintained at the residence. The money was turned over to the Clerk of the Circuit Court of Dade County.
Prior to the raid the Internal Revenue Service had made assessments of federal wagering excise taxes against Pinder and the day following the raid they filed a notice of levy notifying the Clerk that all property in his possession belonging to Pinder was levied upon and seized for satisfaction of Pinder's tax liability. On July 9, 1962 this assessment was reduced to a final judgment against Pinder in the United States District Court for the Southern District of Florida.
During the week following the raid, federal wagering excise taxes were also assessed against Thompson. The Clerk of the Circuit Court was again served with a notice of levy concerning the seized property of Thompson.
On May 16, 1962, two days after Isabell Thompson pled guilty and was adjudged guilty on the charge of possession of lottery tickets, the Criminal Court of Record ordered the money seized in the raid confiscated, forfeited and deposited in the Fine and Forfeiture Fund of Dade County, Florida.
The appellees then filed the instant suit in the Circuit Court, naming the Clerk of the Circuit Court and the United States of America as party respondents in an effort to determine who was entitled to the seized money. The United States, at its request, was dismissed as a respondent in the cause and was allowed to intervene as an intervening plaintiff. On September 4, 1962 the United States filed an intervening petition and a motion to implead Isabel Thompson. In answer to appellees' petition, Thompson denied that the seized money was ever in her custody or possession and stated that she had no interest or claim in the seized funds.
On April 8, 1964 the Court of Appeals for the Fifth Circuit, Pinder v. United States, 330 F.2d 119 affirmed the decision of the Federal District Court, wherein Howard Pinder was held liable for the federal wagering excise tax. On September 18, 1964, the United States filed a motion to amend its intervening complaint and to implead Pinder. The Circuit Court orally denied the motion to amend the intervening complaint and entered an order denying the motion to implead Pinder on the ground that it was "untimely and not authorized or permitted by statute or rule * * *".
The United States again sought to implead Pinder as a necessary and indispensable party to the action, claiming that the seized amounts belonged to him at the time of the raid. In the alternative, the United States moved that the case be dismissed on the ground that an indispensable party had not been joined. The United States then moved the court to make a determination that the seized money belonged to Pinder and that the court order the Clerk to honor the levy placed against him by the United States. On the same day, the trial court entered its order and final judgment of forfeiture, from which this appeal is taken.
It is clear that all the facts concerning the Pinder claim were in the possession of the appellant on or before it filed its original petition and motion to implead Isabell Thompson on September 4, 1962. No action was taken by the appellant in furtherance of its alleged claim against Pinder, *893 however, until September 18, 1964, more than two years after commencement of the action against Thompson. Appellant asserts its reason for delay was that the Pinder claim was on appeal to the Fifth Circuit and was not affirmed until April 8, 1964. The record reflects, however, that the final judgment in favor of appellant against Pinder was entered on July 9, 1962 by the United States District Court for the Southern District of Florida.
The procedural rights of an intervenor (appellant) were set forth in Krouse v. Palmer, 1938, 131 Fla. 444, 179 So. 762, wherein the Supreme Court said:
* * * * * *
"The law is settled that an intervenor is bound by the record made at the time he intervenes and must take the suit as he finds it. He cannot contest the plaintiff's claim against the defendant, but is limited to an assertion of his right to the res. He cannot challenge sufficiency of the pleadings or the propriety of the procedure, nor can he move to dismiss or delay the cause without permission of the chancellor." (Emphasis added)
* * * * * *
The Circuit Courts of Florida have broad, although not unlimited discretion in allowing amendments to pleadings. Corbett v. Eastern Air Lines, Inc., Fla.App. 1964, 166 So.2d 196. While our courts are generally liberal in permitting the amendment of pleadings, this "liberality" gradually diminishes as the case progresses. Dunn v. Campbell, Fla.App. 1964, 166 So.2d 217.
In line with this principle there are a vast number of federal cases construing the effect of Rule 15, Federal Rules of Civil Procedure, which is identical to Rule 1.15, Florida Rules of Civil Procedure, 30 F.S.A. Decisions of the Federal courts construing federal rules of procedure identical to Florida's rules of procedure have been held to be in point as to the proper construction of the Florida rules. Carson v. City of Fort Lauderdale, Fla.App. 1965, 173 So.2d 743.
In the case of Stiegele v. J.M. Moore Import-Export Co., 2 Cir., 1963, 312 F.2d 588, it was held that the court below did not abuse its discretion in denying defendants' motion for leave to amend their answer to assert new defense and to make a counterclaim, where the motion was made more than two years after the answer was filed and at a very late stage in the proceedings, and where the defendants gave an inadequate explanation for their delay in proffering the new matter.
In Eisenmann v. Gould-National Batteries, Inc., E.D.Pa. 1958, 169 F. Supp. 862, it was held that the trial court properly denied a motion to amend pleadings made over two years after a responsive pleading was served and subsequent to the filing of a motion for summary judgment, where the plaintiffs had ample opportunity to timely present their claims; the proposed amendment contained no facts unknown to plaintiffs at the time they filed their complaint, and nothing new had been brought out in discovery proceedings.
We are bound by the language of the Supreme Court of Florida as expressed by Justice Thomas in Warfield v. Drawdy, Fla. 1949, 41 So.2d 877, wherein he stated:
* * * * * *
"While we are committed to the propositions that liberality will be indulged in the amendment of pleadings, Watkins v. Watkins, 123 Fla. 267, 166 So. 577, and a broad discretion will be accorded the trial judges in that respect, Mills Rock Company v. Mills, 137 Fla. 607, 188 So. 210, such amendments are not allowable if they `would change the issue, or introduce new issues, or materially vary the grounds of relief * * *.' Griffin v. Societe Anonyme la Floridienne J. Buttgenbach & Co., 53 Fla. 801, 44 So. 342, 351. (Emphasis added)

*894 "* * * In Griffin v. Societe Anonyme la Floridienne J. Buttgenbach & Co., supra, it was said that if the issues were changed or new ones introduced or the grounds of relief materially varied, the matter could not be introduced in an amendment. We referred to that part of this opinion in McCullough v. McCullough, 156 Fla. 321, 23 So.2d 139, 140, and further quoted from the opinion: `"`We have discovered no case which authorizes such an amendment inconsistent with the allegations of the original bill.'"' We there drew attention to holdings of other courts that the liberality to be indulged gradually diminishes as the trial progresses.
"When we consider all these rules involving liberality, discretion, issues, and the circumstances in this particular controversy we cannot discover a just reason to disturb the finding of the chancellor."
* * * * * *
Under these authorities we do not find that the trial court abused its discretion in denying appellant's motion to implead Howard G. Pinder more than two years after suit was filed, inasmuch as appellant was on notice that Pinder might have an interest in the funds at that time.
The Circuit Court also properly denied appellant's motion to dismiss the action for failure to join Howard Pinder as an indispensable party.
The rule in Florida is that if the interests of the parties present and those absent are separable, and a decree can be made without adversely affecting the rights of those not present, the case may be decided on its merits as between those who are regularly before the court. Alger v. Peters, Fla. 1956, 88 So.2d 903; Milton v. City of Marianna, 1932, 107 Fla. 251, 144 So. 400.
In the instant case, the tax liens of the United States were separable from the interest, if any, of Howard Pinder to the seized funds.
A judgment declaring that the United States had no interest in the seized funds would not deprive Howard Pinder of any rights he may have in the said funds. If he were not actually or constructively before the court rendering this judgment, he would be free to assert those rights to the funds in a subsequent action. Foster v. Thomas, Fla.App. 1959, 112 So.2d 33. Consequently, his interest, if any, in said funds would be entirely separable from the interests of the United States.
The Circuit Court, therefore, properly denied appellant's motion to dismiss the suit for failure to join an indispensable party.
The order and final judgment of forfeiture is hereby
Affirmed.