PER CURIAM.
Appellant, Stanley C. Wasman, one of the defendants in the trial court, seeks review of a final judgment arising out of a complaint to cancel as void and unenforceable a usurious note secured by a mortgage given by appellees Mitchell and Edda Rubinson to Wasman.
The Rubinsons alleged in their complaint that Wasman had agreed to loan them the sum of $44,000 at 10% interest, repayable in 14 months and secured by a note and mortgage on the borrowers’ home; that at the time of the closing, the borrowers were given $43,350 in cash ($650 being for expenses); that the lender required the borrowers to execute a note and mortgage for $49,205.75; that in addition, borrowers signed a one year lease on an automobile in their name and payable by them, which automobile was to be driven by the lender; that the lender reserved more than 28% interest and therefore the note should be surrendered and the mortgage cancelled pursuant to Florida Statutes § 687.071(7), which invalidates extensions of credit which are made in violation of Florida usury laws.
The lender by answer denied that the borrower had received only $43,350; he counterclaimed, alleging that the principal sum of $49,205.75 plus interest was due on the note and mortgage and seeking foreclosure of the mortgage.
At the initial deposition of the lender, the lender’s wife and the lender’s trustee repre *803 sentative, each testified that the full amount of $49,205.75 was given to the borrowers in cash at the closing of the loan and that no interest was reserved or discounted at that time. In later depositions and at trial, the same witnesses and the lender recanted and corrected their testimony, admitting that only $44,000 was loaned to the borrowers, thus admitting a usurious transaction.
The trial court found that the difference between the face of the note and mortgage and the amount actually loaned constituted reserved interest which, when combined with the 10% interest shown on the face of the note, rendered the transaction civilly usurious in violation of Florida Statutes § 687.02. The court also found that the borrowers had failed to prove that the payments made for the rental car which was to be used by the lender were part of the loan transaction. The court finally found that the lender had not demonstrated sufficient equities to justify reformation, although the lender did not ask for reformation.
The trial court entered judgment in the amount of $44,000 against the borrowers; this represented the principal amount of the loan. Interest was denied, as was foreclosure of the mortgage, the court ordering cancellation thereof. It is from this judgment that the lender, Wasman, appeals.
Appellant contends that the trial court erred in failing to order foreclosure of the mortgage, since the transaction involved interest in excess of 15% but less than 25%, and that by denying the foreclosure, the court enlarged the penalty of forfeiture of interest prescribed by Florida Statutes § 687.04.
We do not agree. The question here is not whether a usurious mortgage can be foreclosed, as the usury statutes do not provide otherwise; further, it is clear that foreclosures have been permitted in our courts although the transactions involved were tainted with usury. Feemster v. Schurkman, 291 So.2d 622 (Fla.3d DCA 1974); Staros v. Avalon Shores, Inc., 249 So.2d 448 (Fla.lst DCA 1971). Rather, the issue here is whether the trial court properly declined to foreclose the mortgage because of equitable principles.
In the instant case, the pleadings and initial depositions of the lender and his witnesses denied the existence of usury instead of establishing the true character of the transaction, albeit such became evident later by the lender’s admission. In finding that insufficient equities were demonstrated by the lender to justify reformation of the mortgage and foreclosure thereof, the trial court was amply supported by the record, and its finding will therefore not be disturbed on this appeal. Maxwell v. Smith, 119 Fla. 389, 161 So. 566 (1935); see Scheuer v. Balik, 130 Fla. 255, 177 So. 731 (1937).
Affirmed.