349 So.2d 732 (1977)
Michael A. PELLE and Linda Pelle, His Wife, Appellant,
v.
Morris GLANTZ, Appellee.
Morris GLANTZ and Rebecca Glantz, Appellants,
v.
COMPUTER STUDIES, INC., a New York Corporation, et al., Appellees.
Nos. 76-1505 and 76-1690.
District Court of Appeal of Florida, Third District.
August 23, 1977.
*733 Burnett Roth, Miami Beach, for Glantz.
Ginsberg & Goldman, North Miami Beach, for Pelle.
Hal W. Spaet, Miami, for Computer Studies, Inc.
Before PEARSON, BARKDULL and HUBBART, JJ.
PER CURIAM.
In interlocutory appeal # 76-1505, Michael A. Pelle and Linda Pelle, who were defendants in the trial court, appeal from an interlocutory order denying their petition to set aside a partial judgment of foreclosure. Subsequent to the entry of the partial judgment, a final judgment was entered which found the mortgage sought to be foreclosed to be invalid and foreclosure of the mortgage was denied. Therefore, the interlocutory appeal became moot and is, by this judgment dismissed.
In appeal # 76-1690, Morris Glantz and Rebecca Glantz, who had cross-claimed for the foreclosure of their mortgage, appeal from the final judgment which found as follows:
"14. The Defendants MICHAEL A. PELLE and LINDA PELLE acknowledged execution of the mortgage but deny sums owing.
"15. The Court recognizes that a debt secured by a mortgage is the primary obligation between the parties, the mortgage being incidental to the indebtedness on the obligation, thus, the lien of a mortgage is no greater than the actual debt secured and is a nullity if the secured obligation fails.
"16. The Court recognizes the fact that lenders of money are less under the pressure of circumstances controlling the perfect and free exercise of judgment than the borrowers, and that an effort is frequently made by the lenders to avail themselves of the advantage of this superiority, in order to obtain an equitable advantage.
"17. The mortgage is not valid and binding unless founded on a bona fide and sufficient consideration.
"18. That pursuant to the final judgment entered December 12, 1975, the Defendant, MICHAEL A. PELLE filed an affidavit in opposition to the amount of money due and owing under said mortgage on November 20, 1970 and affirmatively stated that the $20,000.00 principle amount on the face of the mortgage and note was not received.
"19. That the Court recognizes that this is a mortgage under seal and the Defendants, MICHAEL A. PELLE and LINDA PELLE have the burden of proving by the preponderance of the evidence that good and valid consideration was not given for the execution of the mortgage and note.

*734 "20. Having heard testimony of the mortgagor and the testimony of the mortgagee and witnesses, there is a complete discrepancy as to the consideration given for the execution of this note and mortgage, the amount paid back and validity of the debt owed to MORRIS and REBECCA GLANTZ from MICHAEL A. PELLE and LINDA PELLE.
"21. The Court finds that the note and mortgage were executed by the Defendants PELLE to satisfy an unknown obligation to MORRIS GLANTZ in an amount of money in excess of that which was loaned to Mr. Pelle from Mr. Glantz and for which interest payments were made and not properly credited to the reduction of the principle prior to and subsequent to the execution of the note and mortgage.
"22. That based upon the scheme entered into by the Defendant PELLE and the mortgagor GLANTZ, the Court finds that the equities in this matter would prohibit the enforcing of said mortgage. (Chaykin vs. Kant [Fla.App.], 327 So.2d 793.)"
Thereupon, the court declined to enforce the Glantz mortgage.
On this appeal, appellants' contention is that the trial judge erred in finding the mortgage unenforceable because the mortgagor failed to sustain by a "preponderance of the evidence" that the mortgage was without consideration or had been paid. It is also urged that the judgment of the trial court was based on an erroneous conception of the law.
We have examined the record in the light of appellants' contentions and find that there is substantial evidence to support the findings of the trial judge, and ample law to support her actions in refusing to enforce a mortgage which she found upon competent evidence to have been brought to the court with unclean hands. See Wasman v. Rubinson, 341 So.2d 802 (Fla.3d DCA 1977); and VAC Development Corp. v. Castillo, 346 So.2d 116 (Fla.3d DCA 1977). See also the discussion in Dale v. Jennings, 90 Fla. 234, 107 So. 175, 180 (1926).
Affirmed.