In re OCEAN BEACH CLUB, INC., a Florida Corporation, Debtor.

Gerard A. McHALE, Jr.,
Trustee, Plaintiff,

v.

Slauko KOHUT, Defendant.

Bankruptcy No. 86–01186–BKC–SMW.
Adv. No. 87–0280–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Nov. 10, 1987.

Nicholas Friedman, Ronald G. Neiwirth, P.A., Miami, Fla., for defendant.

Arthur S. Weitzner, Weitzner & Russo, P.A., Cynthia Chiefa, Katz, Barron, et al, Miami, Fla., for Trustee, Gerald A. McHale.

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the court for trial on September 22, 1987 upon the complaint of the trustee objecting to the claim of Slauko Kohut (the claimant), and to determine the validity, priority and amount of a lien held by the claimant and for declaratory relief. The Court having heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments and memorandum of counsel,

makes the following Findings of Fact and Conclusions of Law.

The claimant claims a secured interest in real property amounting to $850,000.00, plus interest and costs. The trustee seeks a determination that there is no valid claim due the claimant and further requests that the mortgage which secures the purported obligation be declared unenforceable and not a lien on the property of the estate.

The relevant facts are set forth as follows. Ocean Beach Club, Inc. (the debtor) is engaged in business as a time share resort. The debtor was organized on October 27, 1981. On April 28, 1986 involuntary proceedings for relief were commenced against the debtor and subsequently, on June 12, 1986, were converted to a Chapter 11 proceeding with a trustee being appointed. The trustee's plan of reorganization deals with the property which is the subject matter of this lawsuit. In summary, the plan provides for the debtor to retain the following described real property:

"Lots 8, 8a, 9 and 9a, Block 6, KEY COLONY BEACH SUBDIVISION, as recorded in Plat Book 3, Page 120 of the Public Records of Monroe County, Florida; AND

A fractional interest in all of that parcel of real property described as Lots 10, 10A, 11, 11A, Block 6, KEY COLONY BEACH SUBDIVISION, recorded in Plat Book 3, Page 120 of Public Records of Monroe County, Florida, and for all adjacent submerged land southerly thereof and adjacent thereto, together with all improvements thereon and together with the exclusive right to occupy Unit Numbers and Week Numbers (per the attached schedule) as said Unit and Week Numbers are numbered and described in the Declaration of Covenants, Conditions and Restrictions for the OCEAN BEACH CLUB, recorded in Official Record Book 857, at Page 1628 in the Public Records of Monroe County, Florida.

A portion of the foregoing property, Lots 8, 8a, 9 and 9a, Block 6, of Key Colony Beach Subdivision is to be transferred to the debtor as part of the confirmation process. The trustee argues that the property should be declared a part of the estate free and clear of the mortgage interest of the claimant.

On May 4, 1983, the debtor, acting through its then president and stockholder, Herbert Pausch, executed and delivered to the defendant a promissory note in the amount of $850,000.00. The promissory note provides for interest as follows: "Interest is set out in special agreement between the parties." The note was executed in Florida and provides that it is to be construed and enforced according to the laws of the State of Florida. The note is signed by Pausch, individually, and is secured by the above described mortgage. The mortgage was recorded more than two years after execution, on May 28, 1985.

The essential dispute between the parties concerns the amount due and owing from the debtor to the claimant. The trustee contends that there is no amount due and owing to the claimant and furthermore, contends that an objective analysis of the transactions, demonstrates that the transaction is criminally usurious as defined by Florida Statute § 687.071 and therefore unenforceable. The financial statement for the year ending September 30, 1983 does not show the existence of any obligation due to the claimant. Furthermore, the Debtor's books and records, which were reviewed by the accounting firm which prepared the statement, as received in testimony through the certified public accounting firm which formerly rendered accounting services for the debtor, does not disclose the existence of any advance by the claimant to the debtor. The claimant asserts that the consideration for the mortgage is represented by certain loans made to Pausch in 1977 as evidenced by an *urkunde* (a type of German agreement) signed in January 1981 and through certain cash advances to Pausch in 1983. The claimant further asserts that additional consideration was paid in Germany, in German marks, in cash. The claimant has made no effort to produce or secure the testimony of Pausch. Furthermore, the claimant does not maintain any books and

records that could be used to corroborate the advance nor does he have any cancelled checks or bank statements demonstrating receipt by the debtor of any portion of the alleged consideration for the loan. Pausch is a German national who is in prison in Germany for violation of the fiscal laws of that nation. The defendant is similarly a resident of Germany who has known Pausch since 1969. In a German domestic relations proceeding, the claimant made a materially inconsistent statement concerning a debt due the claimant from the Ocean Beach Club, Inc. Furthermore, the claimant has been convicted in Germany of a crime involving dishonesty. The Court finds that in light of the overall factual circumstances, the financial statement of the debtor constitutes the best evidence of the amount due and owing the claimant; i.e., nothing. The Court further finds that no actual loan proceeds were received by the debtor.

The trustee has further offered expert analysis of the transactions involving the claimant and Pausch as testified to by the claimant. This testimony demonstrates that the loan transaction and the interest amount in the loan transaction was in excess of thirty percent (30%) and therefore, supports the trustee's position that the transaction is unenforceable under Florida law. See Fla.Stat. § 687.071. However, since the Court found that the debtor does not owe the claimant any money, it is not necessary to reach a factual finding or legal conclusion concerning this issue.

Based upon the foregoing, the Court finds that the trustee's objection to the claim should be sustained and that the mortgage should be determined to be invalid.

■ Concerning the real property, the trustee has, as of the commencement of the case, and without regard to any knowledge of the trustee or any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation that is incurred by the debtor that is voidable by a *bona fide* purchaser. See 11 U.S.C. § 544(a)(3). Furthermore, the estate may assert all defenses available to the debtor against any other entity, including usury and other personal defenses. See 11 U.S.C. § 558. In Florida, an owner of property may defend a mortgage foreclosure by showing that no debt is due. *Chaykin v. Kant,* 327 So.2d 793 (3rd DCA 1976); *Pelle v. Glantz,* 349 So.2d 732 (3rd DCA 1977). Accordingly, this defense is available to the trustee to invalidate the mortgage. The determination that the mortgage is invalid also extends to the trustee's request for declaratory relief that the property that will become part of the estate, pursuant to the Plan of Reorganization, is unencumbered by the subject mortgage. Property of the estate includes property which the estate acquires after the commencement of the case. See 11 U.S.C. § 541(a)(7). Therefore, the Court further finds that it has subject matter jurisdiction over the entire dispute.

Pursuant to Bankruptcy Rule 9021 a separate final judgment will be entered in accordance herewith. The final judgment will sustain the objection of the trustee and declare the claim stricken. The final judgment will further declare that the mortgage previously described does not constitute a lien on any of the property dealt with by the plan of reorganization and is otherwise unenforceable. The entry of these findings is without prejudice to the claimant to pursue any remedy he may have against Pausch, individually. The Court will consider taxation of costs on appropriate motion.