PER CURIAM.
In this consolidated appeal, Milton Construction Company appeals an order that vacated a previous order discharging a construction lien recorded by appellee JMS Development Construction, Inc. Milton also appeals an order dismissing the underlying action altogether. We dismiss both cases as moot, because while Milton is entitled to have the construction lien discharged, JMS’s action was against a payment bond, and once the payment bond was in place, the construction lien had no legal effect.
JMS recorded a claim of lien against Milton’s payment bond. Upon learning of the claim of lien, Milton filed a complaint seeking to discharge the lien. Thereafter, a summons was issued and served upon JMS ordering it to show cause, within twenty days, why the claim of lien should not be enforced by action or vacated and canceled of record, pursuant to section 713.21(4), Florida Statutes (2006). When JMS did not respond within twenty days, the trial court vacated and canceled the construction lien. Upon receiving the discharge order, JMS moved to vacate it. JMS claimed that the trial court lacked subject matter jurisdiction to enter it because JMS had previously filed and served a separate action to enforce its claim of lien against Milton’s payment bond in another division of the circuit court.
The trial court ultimately granted JMS’s motion to vacate and then dismissed the matter entirely on rehearing, based upon findings that JMS had commenced a lawsuit in this matter in front of another division, and that there was already a payment bond in place pursuant to that lawsuit. Indeed, according to section 713.23(f)(2), Florida Statutes (2006):
The bond shall secure every lien under the direct contract accruing subsequent to its execution and delivery, except that of the contractor. Every claim of lien, except that of the contractor, filed subsequent to execution and delivery of the bond shall be transferred to it with the same effect as liens transferred under s. 713.24.
(emphasis added). That is, once the payment bond was in place, the claim of lien was secured under that bonded contract, and Milton’s complaint seeking to discharge the lien was unnecessary.
Therefore, the trial court correctly dismissed the case because the claim of lien was no longer “a cloud on the title.” Furthermore, as a matter of law, the construction lien had no legal effect.
Dismissed.