PER CURIAM.
Ray Velazquez appeals two non-final circuit court orders entered in 2011 in his commercial dispute with Wayne Rosen: an order denying Velazquez’s motion for partial summary judgment regarding Rosen’s alleged security interest in certain securities (and in the proceeds of those securities),[1] and an order denying Velazquez’s motion to enjoin Rosen from claiming a portion of the proceeds as held in Velazquez’s account at Morgan Stanley.[2]
The order denying partial summary judgment is a non-final, non-appeal-able order, and the appeal is therefore dismissed for lack of jurisdiction as to that order. Castillo v. Deutsche Bank Nat’l Trust Co., 57 So.3d 965 (Fla. 3d DCA 2011); Miami-Dade Cnty. v. Perez, 988 So.2d 40 (Fla. 3d DCA 2008). As regards the second order denying Velazquez’s motion for an injunction, later developments in the circuit court and this Court have rendered moot the issues addressed by the parties.
The issues pertinent to this appeal turned on the validity and extent of Ro-sen’s alleged security interest in over $8 million in proceeds held by Morgan Stanley in Velazquez’s account. Essentially, Velazquez sought interlocutory relief releasing a portion of the proceeds while allowing several million dollars to remain with Morgan Stanley — a remaining balance far exceeding Rosen’s maximum attainable secured claim against the funds.
After oral argument here, however, the litigation in the circuit court continued. On November 16, 2012, the circuit court entered an order limiting Rosen’s “alleged security interest to only the $521,000 Loan, plus interest and attorney’s fees, per the Loan Agreement.” Rosen appealed that order,[3] and his notice of appeal has also provided (a) a copy of a final judgment in a separate action brought by Velazquez against Rosen and Morgan Stanley,[4] and (b) a representation that the November 2012 order grants Velazquez the right to an immediate possession of $3,500,000 from the Morgan Stanley account. Ro-sen’s notice has also provided us with a *1180 copy of an agreed order whereby the funds in controversy were to be moved from Morgan Stanley to a different institution, and whereby some $8.7 million was agreed to be in excess of the allegedly-liened and restricted proceeds. Taking judicial notice of these developments,[5] we conclude they render moot the issues and relief sought in this appeal. See Consortion Trading Int’l, Ltd. v. Lowrance, 682 So.2d 221, 222 (Fla. 3d DCA 1996) (recognizing that an appeal is mooted by the voluntary payment of a judgment where there is no reservation of the right to appeal); Pelle v. Glantz, 349 So.2d 732, 733 (Fla. 3d DCA 1977) (dismissing an appeal from an interlocutory order when the entry of final judgment rendered the interlocutory appeal moot); see also Milton Constr. Co. v. JMS Dev. Constr., Inc., 967 So.2d 234 (Fla. 3d DCA 2007) (dismissing an appeal where once the claim of lien had been transferred to a bond there was no further construction lien or cloud on title, making the plaintiffs complaint seeking to discharge the lien unnecessary).
We thus dismiss as moot Velazquez’s appeal from the 2011 order denying him a temporary injunction. In doing so, we express no opinion as to the merits of the remaining claims of the parties in the circuit court litigation.
Appeal dismissed.

. Carmen Velazquez, Ray Velazquez’s wife, has also appealed this order.

. Morgan Stanley was not a party in the circuit court action from which this appeal arose.

. Our Case No. 3D 12-3242. This case was voluntarily dismissed on January 29, 2013.

. Final Judgment entered December 20, 2012, in Circuit Court Case No. 11-30724-CA-15.

. We may take judicial notice of the documents filed here by the parties in these related cases. Upper Keys Marine Constr., Inc. v. Alonzo Cothron, Inc., 507 So.2d 1135, 1135 n. 1 (Fla. 3d DCA 1987).